THE STATE OF OHIO, APPELLANT, *v.* SIMPSON, APPELLEE.
THE STATE OF OHIO, APPELLANT, *v.* PREVOE, A. K. A. CHAPLIN, APPELLEE.

[Cite as State v. Simpson, 20 Ohio App. 2d 336.]

(Nos. 1385 and 1386—Decided September 26, 1969.)

*Mr. Lawrence S. Huffman,* prosecuting attorney, for appellant.
*Mr. Anthony J. Bowers,* for appellee in case No. 1385.
*Messrs. Navarre, Rizor, DaPore & Pettit,* for appellee in case No. 1386.

YOUNGER, J. In each of the above cases the defendant was indicted for carrying a concealed weapon. The indictments contained the following additional charge. (*Prevoe case*)—"the said Jewel George Prevoe having previously pleaded guilty to the commission of carrying a concealed weapon, to wit: in case No. 12047 in the Common Pleas Court of Allen County, Ohio, on the 13th day of March, 1968." (The other indictments carried similar charges.)

Upon motion by the defendants the Common Pleas Court ordered the additional charges stricken from the indictments, from which decision the prosecuting attorney has brought these appeals.

Section 2923.01, Revised Code, prohibits the carrying

of a concealed weapon and provides a relatively minor penalty for the offense. However, effective November 24, 1967 (132 Ohio Laws, Part I, 953), the Legislature added another paragraph to this section, which provides in pertinent parts as follows:

"Whoever violates this section, having previously been convicted of or pleaded guilty to the commission of carrying a concealed weapon * * * shall be imprisoned not less than three nor more than ten years."

In Ohio every crime is defined by statute, and it is the province of the Legislature to decide what is a crime and to fix the penalty for a violation. By the amendment above set out the Legislature described another crime. Before the amendment the section established one crime—carrying a concealed weapon—and it made no difference whether it was a first offense or a subsequent offense. By the amendment the Legislature created another crime, that of conviction for a second or third offense of carrying concealed weapons. Before the amendment there was only one crime. Now there are two separate and distinct crimes in the entire section.

"Having previously been convicted" is now a necessary element of the new offense and must be proved beyond a reasonable doubt by the state. This includes the question of identity. It would not be sufficient for the state to prove that "John Smith" was previously convicted in Cuyahoga County. It must now prove that the "John Smith" previously convicted in Cuyahoga County was one and the same person as the "John Smith" now on trial.

The Supreme Court of Ohio in *Larney* v. *Cleveland*, 34 Ohio St. 599, has held:

"* * * The rule, and the principle upon which it is founded, are well stated by Mr. Bishop: 'Where the offense is the first, or is prosecuted as such, the indictment need not charge it to be the first, for this is presumed. But if it be the second or third, and the sentence is to be heavier by reason of its being such, the fact thus relied on must be averred in the indictment; because, by the rules of criminal pleading, the indictment must always contain an

averment of every fact essential to the punishment to be inflicted.' * * *''

It is, therefore, our holding that the Common Pleas Court was in error in striking out of the indictments the charge that this was a second offense. The enhanced penalty for a second offense being substantial, it is made mandatory that the second offense be charged in the indictment before such enhanced penalty can be assessed against the defendant.

It is not sufficient that at the time of sentencing the prosecutor should suggest to the court that this is a second offense and the enhanced punishment be inflicted. That would make the prosecution for one offense with the penalty being imposed for another offense. It would be trial upon a minor offense with sentence for a major offense, and this cannot be our law.

The judgments are, therefore, reversed and the causes are remanded to the Common Pleas Court for further proceedings upon the original indictments.

*Judgments reversed.*

COLE, P. J., and GUERNSEY, J., concur.