{¶ 1} Defendant-appellant, Gerald Vason, appeals from the judgment of the Common Pleas Court, rendered after a bench trial, finding him guilty of one count of possession of drugs, in violation of R.C. 2925.11. Vason contends that he was deprived of his constitutional right to a fair trial before an unbiased fact-finder by the introduction of improper other acts evidence in the State's case in chief, and he was deprived of his constitutional right to effective assistance of counsel, by trial counsel's failure to object to the introduction of improper other acts evidence. Having reviewed the record and the pertinent law, we affirm.
 {¶ 2} On September 9, 2005, a Cuyahoga County grand jury indicted Vason on one count of possession of drugs in violation of R.C. 2925.11. Vason pled not guilty *Page 3 
and waived his right to a jury trial. Before the bench trial began, the State moved to amend the amount of drugs to less than one gram, reducing the offense to a felony of the fifth degree. There was no objection by the defense to this amendment. Additionally, the State and defense stipulated to the amount of drugs being .64 grams of cocaine. The case proceeded to a bench trial.
 {¶ 3} On August 4, 2005 at approximately 3:00 a.m., Officer Hicks of the East Cleveland police was on patrol in the area of Graham Avenue, Cuyahoga County, Ohio. Officer Hicks noticed two men on the street, in front of a known drug house, engaged in a hand-to-hand transaction, which he believed to be a drug transaction. As Officer Hicks approached the men, he observed them walk toward the sidewalk. He then observed Vason drop a plastic bag on the ground. Officer Hicks picked up the plastic bag and suspected crack cocaine. Officer Hicks said to Vason, "Hey, Gerald, you forgot your drugs" and the men took off running. Vason was not arrested on August 4, 2005 but was apprehended at a later date.
 {¶ 4} During the bench trial, Officer Hicks testified he knew whom to arrest because he saw Vason three times a week in the Graham-Garden-Hayden Avenue area, which is known as "hot sauce, hot hustlers ". Officer Hicks further testified he knew this area from his former patrol with the gang unit, and that he dealt with gangs *Page 4 
on a daily basis. Officer Hicks also testified his unit knew the members' names, where they lived, who they dated, and what kind of car they drove. Vason testified he was not in the area of Graham and Hayden Avenue on August 4, 2005.
 {¶ 5} The trial court subsequently found Vason guilty of possession of drugs and sentenced him to 5 years of community control sanctions. 1. OTHER ACTS EVIDENCE
 {¶ 6} In his first assigned error, Vason argues he was deprived of his
 {¶ 7} constitutional right to a fair trial before an unbiased fact finder by the introduction of improper other acts evidence in the State's case-in-chief.
 {¶ 8} Vason asserts other acts evidence improperly influenced the trial judge when Officer Hicks testified Vason was engaged in a hand-to-hand transaction, which he believed was a drug transaction, in front of a drug house, and testimony that implied Vason was involved with a gang. Vason further argues the introduction of inadmissible evidence was plain error.
 {¶ 9} We note that Vason failed to object to Officer Hicks' testimony regarding the hand-to-hand transaction in front of a drug house and testimony that implied Vason was in a gang. Generally, an appellate court does not consider any alleged error that was not conveyed to the court at the time the alleged error was made. State *Page 5 v. Appling (May 21, 1998), Cuyahoga App. No. 72719, 1998 Ohio App. LEXIS 2290, at 12, citing State v. Slagle (1992), 65 Ohio St.3d 597, 604. An appellate court may consider a trial error that was not objected to only when it is "plain error." Id.
 {¶ 10} Ohio Crim. R.52 (B) states: "Plain error or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." This rule allows the appellate court, at the request of appellate counsel or sua sponte, to consider a trial error that was not objected to when that error was "plain error."Appling, supra, at 12. "Plain error does not exist unless it can be said that but for the error, the outcome of the trial would clearly have been otherwise." Appling, supra, at 13.
 {¶ 11} In criminal cases, errors are categorized as constitutional error and non-constitutional error. State v. Green (Mar. 18, 1999), 10th Dist. No. 98AP-633, 1999 Ohio App. LEXIS 1134, at 20, citing State v.Davis (1975), 44 Ohio App.2d 335, 346. We recognize the introduction of alleged erroneous testimony in this case could be a violation of Vason's right to a fair trial as recognized under the Sixth Amendment to the United States Constitution and Section 5, Article 1, of the Ohio Constitution.
 {¶ 12} If an appellate court concludes beyond a reasonable doubt that the constitutional error did not contribute to the accused's conviction, the error in the trial *Page 6 
of a criminal case is harmless. Green, supra, at 20, citingHarrington v. California (1969), 395 U.S. 250 and Chapman v.California (1967), 386 U.S. 18. However, if the appellate court cannot conclude beyond a reasonable doubt that the error was harmless, then it is clear that the erroneously heard material did interfere with the accused's right to a fair trial. Green, supra, at 21, citingDavis, supra. Because of the interference with the accused's constitutional rights, the appellate court must reverse and order a new trial because the error was prejudicial. Id.
 {¶ 13} Thus, we must review the testimony in this case to determine whether the other acts evidence was harmless to Vason's constitutional rights. Other acts evidence is defined in Evid.R. 404(B), which provides that evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. R.C. 2945.59
codifies the exception to this general rule which states: "In any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the *Page 7 
defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant."
 {¶ 14} Scheme, plan, or system evidence is relevant in situations where the other acts form part of the direct background of the alleged act which forms the basis of the crime charged in the indictment.State v. Wilkinson (1980), 64 Ohio St.2d 308, 315-316. "The federal courts in construing Federal Rules of Evidence 403 and 404(B), have noted that the jury is entitled to know the `setting' of a case. It cannot be expected to make its decision in a void — without knowledge of the time, place and circumstances of the acts which form the basis of the charge. Id. at 317. "* * *[E]vidence of other crimes may be presented when `they are so blended or connected with the one on trial as that proof of one incidentally involves the other; or explains the circumstances thereof; or tends logically to prove any element of the crime charged.'" Id., citing United States v. Turner (C.A. 7, 1970),423 F.2d 481, 483-484, United States v. Calvert (C.A. 9, 1975),523 F.2d 895, 907.
 {¶ 15} In this case, the crime occurred in front of a drug house where a hand-to-hand transaction took place. We find that the testimony regarding the place and *Page 8 
background of the crime are "so blended or connected" with the crime of drug possession. Thus, the testimony explains the circumstances of the crime and therefore falls under the exception to the admission of evidence under Evid.R. 404(B) and R.C. 2945.59.
 {¶ 16} Furthermore, Vason denied the charges and argued he was not in the area of Graham and Hayden Avenues on August 4, 2005. Consequently, Officer Hicks' testimony regarding his identification of Vason was necessary. Officer Hicks testified he knew Vason from previous dealings with him and his previous duty as a patrol officer with the gang unit which included the Graham-Garden-Hayden area known as "hot sauce, hot hustlers". Officer Hicks also testified he saw Vason about three or four times a week in this area and he was able to make an in-court identification of Vason. On cross-examination, Officer Hicks testified that Vason's information, including his address and name of his girlfriend, was formerly stored in the police department intelligence unit.
 {¶ 17} Vason testified on cross-examination that he had dealt with Officer Hicks before, and Officer Hicks had arrested him in the past. The State did not ask Officer Hicks or Vason whether Vason was a member of a gang. At most, the testimony *Page 9 
implied Vason was in a gang, but there is no testimony that defendant was actually a member of a gang.
 {¶ 18} In State v. Flemming, (Sept. 5, 1996) Cuyahoga App. No. 68664, 1996 Ohio App. LEXIS 3865, after noting that the State's questioning about gang activity was minimally applicable to the case, this court stated: "In light of the lack of evidence of appellant's gang membership, and the testimony thereto, this court does not find that the jury could have been confused or misled by the state's questioning, nor that appellant was unfairly prejudiced by it." Id. at 16. Thus, the testimony explains the identification of Vason and therefore falls under the exception to the admission of evidence under Evid.R. 404(B) and R.C.2945.59.
 {¶ 19} Because this case involved a bench trial, the trial court judge decided both the admissibility of the evidence and the ultimate weight of the evidence in reaching the verdict. The court in State v.Baston (1999), 85 Ohio St.3d 418, 421, stated "this court indulges `* * * in the usual presumption that in a bench trial in a criminal case the court considered only the relevant, material, and competent evidence in arriving at its judgment unless it affirmatively appears to the contrary.'"
 {¶ 20} Neither alone nor in the aggregate did the testimony regarding drug trafficking in front of a known drug house and implied gang activity have a prejudicial *Page 10 
or harmful effect on the outcome of the trial. Vason has failed to establish the existence of "plain error" because there is no indication that the admission of the testimony adversely affected his right to a fair trial. Because the alleged errors did not substantially affect the outcome of the trial, we cannot hold that, without these few alleged errors, the court would have acquitted defendant. Accordingly, we find the alleged errors harmless.
 {¶ 21} Further, we hold that Officer Hicks' testimony was admissible, pursuant to Evid.R. 404(B) and R.C. 2945.59. We do not believe Officer Hicks' testimony regarding Vason's hand-to-hand transaction in front of a drug house in a gang area was offered to prove Vason's character or a trait of his character as a gang member who dealt or trafficked in drugs. Rather, the testimony was offered to provide the court with the setting of the case and to prove the identity of Vason.
 {¶ 22} Vason's first assignment of error is overruled.
2. EFFECTIVE ASSISTANCE OF COUNSEL
 {¶ 23} In his second assignment of error, Vason contends he was deprived of his constitutional right to effective assistance of counsel, by trial counsel's failure to object to the introduction of improper other acts evidence.
 {¶ 24} The standard for reviewing claims for ineffective assistance of counsel *Page 11 
was set forth in Strickland v. Washington (1984), 466 U.S. 668. Ohio adopted this standard in State v. Bradley (1989), 42 Ohio St.3d 136. These cases require a two-pronged analysis in reviewing a claim for ineffective assistance of counsel. State v. Johnson (Aug. 3, 1998), 5th Dist. No. 00247, 1998 Ohio App. LEXIS 4040, at 11.
 {¶ 25} First, the court must determine whether counsel's assistance was ineffective. The court must decide whether counsel's performance fell below an objective standard of reasonable representation and violated any of his essential duties to the client. Id. at 11-12. If the court finds that counsel was ineffective, it must then determine whether the defense was actually prejudiced by counsel's ineffectiveness. Id. at 12. This requires a showing that there is a reasonable probability that but for counsel's unprofessional error, the outcome of the trial would have been different. Id.
 {¶ 26} The testimony Vason claims was prejudicial is the testimony of Officer Hicks explaining the scene of the crime, which was in front of a drug house, while a hand-to-hand drug transaction was taking place, and testimony that implied Vason was in a gang. We found in the first assignment of error this evidence was not plain error and not prejudicial. Further, this evidence was properly admitted under Evid.R. 404(B) and R.C. 2945.59, and defense counsel had no duty to object. *Page 12 
 {¶ 27} We find defense counsel's failure to object to the introduction of evidence, concerning improper other acts evidence, did not amount to ineffective assistance of counsel. Further, we find defense counsel's performance did not fall below an objective standard of reasonable representation and did not violate any of his essential duties to Vason.
 {¶ 28} Vason's second assignment of error is overruled.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 COLLEEN CONWAY COONEY, P.J. and PATRICIA A. BLACKMON, J., CONCUR *Page 1