JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Mathew Macalla, appeals from a September 19, 2006 judgment of the Cuyahoga County Court of Common Pleas, sentencing him after a jury found him guilty of two counts of operating a motor vehicle under the influence ("OVI"). For the following reasons, we affirm.
 {¶ 2} On February 1, 2006, Macalla was indicted on two counts of OVI: count one, operating a vehicle while under the influence of alcohol or drugs, a violation of R.C. 4511.19(A)(1)(a); and count two, operating a vehicle with a prohibited *Page 3 
concentration of breath alcohol in bodily substances, a violation of R.C. 4511.19(A)(1)(b).
 {¶ 3} Both offenses are ordinarily misdemeanors, however, the two counts were charged as fourth-degree felonies since the indictment specified that Macalla had seven prior OVI convictions within the past twenty years.[1] The indictment specified that Macalla had previously been convicted of OVI in the Elyria Municipal Court on March 26, 1987 and February 9, 1988; in the Berea Municipal Court on April 9, 1987 and October 16, 1995; and in the Rocky River Municipal Court on October 24, 1988, November 29, 1989, and October 6, 1999.[2] Macalla entered a plea of not guilty to both counts. The case proceeded to a jury trial.
 {¶ 4} The day of the trial, Macalla orally moved to dismiss, claiming his speedy trial rights had been violated. After arguments, the trial court denied the motion.
 {¶ 5} Since Macalla is only challenging the issue of the enhancement elements and not the underlying OVI conviction, this court will not get into the facts which led to his original arrest. Briefly, Macalla was arrested for OVI in November *Page 4 
2004 after he crashed into someone's mailbox, left the scene of the accident, failed field sobriety tests, and registered a .225 breath alcohol content. Pertinent to this appeal, Officer John Downs of the North Olmsted Police Department testified to Macalla's identity, including his social security number and date of birth.
 {¶ 6} In addition to Officer Downs, the state presented three witnesses from each municipality's clerk of courts, where Macalla had allegedly been previously convicted of OVI.
 {¶ 7} Matthew Krosse, chief deputy clerk for Elyria Clerk of Courts, testified that he was in charge of maintaining records and ensuring their accuracy. He identified State's Exhibit 6, which he explained was from a page of the clerk's docket book. On it, he described Case No. 87TR14167, which had the name "Matthew E. Macalla" listed as the defendant.[3] He stated that the document showed that this "Matthew E. Macalla" entered a plea of no contest to OVI, was found guilty, and sentenced on February 9, 1988.
 {¶ 8} Krosse explained that Elyria Municipal Court allows people to enter into payment plans to pay fines. He then identified State's Exhibit 7, which he described *Page 5 
as a copy of a "case history ledger" of a payment plan for Case No. 87TR14167. He said that this ledger showed "Matthew E. Macalla's" social security number, but he explained that on this copy of the ledger, the first number of the social security number was missing. Krosse explained that he brought the original case history ledger to court, which he identified as State's Exhibit 9. From the original, he read the entire social security number into the record.[4]
 {¶ 9} Krosse then identified State's Exhibit 8, another certified copy from the Elyria Clerk of Courts' docket book. He read from it, and explained it listed Case No. 86TR11220, which had a disposition of "found guilty" and a sentence was imposed.[5]
 {¶ 10} On cross-examination, Krosse stated that there was nothing on Exhibit 6 which indicated that "Matthew E. Macalla" was represented by counsel at that time. Krosse also said that he did not bring a written waiver of counsel with him to court, and agreed that he did not even know if one existed. Krosse explained that the case file for Case No. 87TR14167 had been destroyed, and there was no transcript from the proceedings. *Page 6 
 {¶ 11} Krosse further explained on cross-examination that he did not bring the case history ledger for Case No. 86TR11220 because it had "probably" been destroyed. He agreed that there was no other identifying information, besides the name "Matthew E. Macalla," on State's Exhibit 8 for Case No. 86TR11220, such as social security number or date of birth. He agreed that he did not have any other identifying information and he was not working in the clerk's office from 1986 through 1988.
 {¶ 12} Deborah Comery, deputy clerk for the Rocky River Municipal Court, identified State's Exhibit 1 as a journal entry prepared and executed on October 6, 1999. She explained that it was a journal entry for Case No. 99TRC16111A, finding defendant "Matthew E. Macalla" guilty of OVI on October 6,1999, with his date of birth and social security number listed. On it, she explained that it indicated defendant waived his right to counsel.
 {¶ 13} Comery also identified State's Exhibit 3, a general information page from the court's current computer system, as well as three pages from the court's docket. She said it showed Case No. 89TRC12151, which was an OVI filed on November 29, 1989. She explained that the the information page identified "Matthew E. Macalla" as the defendant, listed his birth date and social security number, and showed that he pled guilty. In addition, she said that on page three, it listed Macalla's attorney and the attorney's phone number. *Page 7 
 {¶ 14} Comery then identified State's Exhibit 4, which she said was another general information page, listing Case No. 88TRC9421A, an OVI filed on October 24, 1988, naming "Matthew E. Macalla" as the defendant, his social security number and date of birth, and showing that he was found guilty. She said that it also listed his attorney and the attorney's phone number.
 {¶ 15} The state then presented Colleen Coyne, a deputy clerk for Berea Municipal Court. She identified State's Exhibit 2 as "a case on a Matthew Macalla." She explained that the document listed Case No. 95TRC03629, an OVI conviction from a guilty plea, with "Matthew Macalla's" social security number and date of birth. She stated that the defendant was represented by an attorney, whose name was listed on the document.
 {¶ 16} Coyne also identified State's Exhibit 5, which included a number of copies of pages from the court's file on Case No. 86TRC5408. She explained that it showed that Mathew E. Macalla was convicted for OVI after he pled no contest on April 9, 1987. She stated that in the exhibit was also a copy of the original citation, identifying Case No. 86TRC5408 and listing Mathew E. Macalla's birth date and social security number. She further said that the documents listed the defendant's attorney's name.
 {¶ 17} The state rested. Macalla moved for a Crim.R. 29 acquittal, which the trial court denied. Macalla then rested his case and renewed his Crim.R. 29 motion, which the trial court again denied. *Page 8 
 {¶ 18} The jury found Macalla guilty of both counts of OVI, fourth-degree felonies, and guilty of all specifications of prior OVI convictions.
 {¶ 19} The trial court sentenced Macalla to five years in prison on each count, but found them to be allied offenses of similar import and merged them for purposes of sentencing. Thus, Macalla received an aggregate prison term of five years. The trial court also suspended Macalla's driver's license for life, ordered that he be referred to a community reentry program upon his release, and imposed three years of mandatory postrelease control.
 {¶ 20} Macalla timely appealed, raising four assignments of error for our review:
 {¶ 21} "[1.] The trial court erred in admitting appellant's uncounselled prior convictions into evidence.
 {¶ 22} "[2.] The trial court erred in denying appellant's Criminal Rule 29 motion the state failed to present sufficient evidence that the date of conviction in Berea Municipal Court Case No. 95TRC03629, occurred within twenty years prior to the occurrence of the underlying offense as set forth in the specification of prior convictions.
 {¶ 23} "[3.] The state failed to present sufficient evidence identifying appellant as the person convicted in the prior impaired driving convictions set forth in specifications one through seven. *Page 9 
 {¶ 24} "[4.] Appellant was deprived of his right to a speedy trial in violation of fifth and sixth amendments to the United States Constitution, Section 10, Article I of the Ohio Constitution, and Ohio Revised Code 2945.71."
 PROOF OF PRIOR CONVICTIONS
A. Uncounseled Conviction/Waiver of Right to Counsel {¶ 25} In his first assignment of error, Macalla argues that "at least three of the convictions used against [him] were uncounselled [sic] pleas." Specifically, he maintains that the trial court erred when it admitted the two prior OVI convictions from Elyria Municipal Court, Case Nos. 86TR11220 and 87TR14167, and one from Rocky River Municipal Court, Case No. 99TRC16111, because the state did not prove that he was either represented by counsel or validly waived his right to counsel.
 {¶ 26} The admission of evidence rests within the trial court's discretion. State v. Sloan, 8th Dist. No. 79832, citing Rigby v. LakeCty. (1991), 58 Ohio St.3d 269, 271. The term "abuse of discretion" implies that the court's attitude is unreasonable, arbitrary or unconscionable. State v. Adams (1980), 62 Ohio St.2d 151, 157. "The term has been defined as `a view or action that no conscientious judge, acting intelligently, could honestly have taken.'" State v.Hancock, 108 Ohio St.3d 57, 2006-Ohio-160, at _130, quoting State exrel. Wilms v. Blake (1945), 144 Ohio St. 619, 624. *Page 10 
 {¶ 27} In State v. Brooke, 113 Ohio St.3d 199, 2007-Ohio-1533, at _8, the Supreme Court of Ohio stated:
 {¶ 28} "When existence of a prior conviction does not simply enhance the penalty but transforms the crime itself by increasing its degree, the prior conviction is an essential element of the crime and must be proved by the state. State v. Allen (1987), 29 Ohio St.3d 53, 54. Thus, since the * * * earlier convictions are elements of [a defendant's] fourth-degree felony, they must be proved beyond a reasonable doubt.State v. Henderson (1979), 58 Ohio St.2d 171, 173."
 {¶ 29} When the state proposes to use a past conviction to enhance the penalty of a later criminal offense, a defendant can challenge that past conviction if the conviction was constitutionally infirm. Id. at _9. "A conviction obtained against a defendant who is without counsel, or its corollary, an uncounseled conviction obtained without a valid waiver of the right to counsel, has been recognized as constitutionally infirm." Id., citing State v. Brandon (1989), 45 Ohio St.3d 85, 86.
 {¶ 30} In State v. Adams (1988), 37 Ohio St.3d 295, paragraph two of the syllabus, the Supreme Court held: "When a defendant raises a constitutional question concerning a prior conviction, he must lodge an objection as to the use of this conviction and he must present sufficient evidence to establish a prima facie showing of a constitutional infirmity.'" (Emphasis added.) *Page 11 
 {¶ 31} The Supreme Court stated more recently in Brooke: `"Where questions arise concerning a prior conviction, a reviewing court must presume all underlying proceedings were conducted in accordance with the rules of law and a defendant must introduce evidence to the contrary in order to establish a prima-facie showing of constitutional infirmity.'Brandon at the syllabus. Once a prima facie showing is made that a prior conviction was uncounseled, the burden shifts to the state to prove that there was no constitutional infirmity. Id. at 88. For purposes of penalty enhancement in later convictions under R.C. 4511.19, when the defendant presents a prima facie showing that prior convictions were unconstitutional because they were uncounseled and resulted in confinement, the burden shifts to the state to prove that the right to counsel was properly waived." Brooke at _11.
 {¶ 32} At the outset, we note that Macalla objected to the admission of the three prior convictions he now claims were constitutionally infirm. The record reveals, however, that Macalla did not submit any evidence to establish a prima facie case showing the prior convictions were constitutionally infirm. He did not submit an affidavit prior to trial stating that his prior convictions were uncounseled or that he did not validly waive counsel, nor did he testify to such at trial. Absent a prima facie case for constitutional infirmity, "a reviewing court must presume all underlying proceedings were conducted in accordance with the rules of law." Brandon, supra, at the syllabus. *Page 12 
 {¶ 33} The Supreme Court further explained in Brandon, "The presumption we entertain is not irrebuttable. [Brandon] simply failed in his burden of presenting sufficient evidence to establish a prima-facie showing that his prior convictions were uncounseled. Adams, supra. Indeed, [Brandon's] burden in this regard was hardly difficult. Had [Brandon's] counsel simply asked [him] during testimony whether his prior convictions were counseled, a negative response would have established a prima-facie showing of constitutional infirmity. This one question and answer would have then placed on the state the burden of proving that [Brandon's] prior convictions were counseled. Because [Brandon] failed to meet his burden, we presume his prior convictions were counseled and that, therefore, the convictions could be used to enhance his penalty in the case before us to felony theft." Id. at 87-88.
 {¶ 34} In addition, defendants may also easily meet this burden by filing a motion prior to trial, along with an affidavit stating they were unrepresented by counsel and did not validly waive their right to counsel, or other evidence showing the same. See Brooke at _31.
 {¶ 35} Since Macalla did not establish a prima facie case, the burden never shifted to the state to prove otherwise. Therefore, this court must presume the prior convictions were constitutionally firm.
 {¶ 36} Thus, Macalla's first assignment of error is without merit.
B. Proving Date of Prior Offense *Page 13 {¶ 37} In his second assignment of error, Macalla argues that the trial court erred when it did not grant his Crim.R. 29 motion because the state did not present sufficient evidence to prove that the prior offense in the Berea Municipal Court, Case No. 95 TRC 03629, actually occurred within tweny years prior to the current offense. Specifically, Macalla claims that the Berea Municipal Court clerk never stated the date of the conviction and also that "[t]he record reflects no evidence of the date of the conviction in Berea Case No. 95TRC03629." We disagree.
 {¶ 38} Crim.R. 29(A) governs motions for acquittal and provides for a judgment of acquittal "if the evidence is insufficient to sustain a conviction[.]" The test an appellate court must apply in reviewing a challenge based on a denial of a motion for acquittal is the same as a challenge based on sufficiency of the evidence to support a conviction. See State v. Bell (May 26, 1994), 8th Dist. No. 65356, 1994 Ohio App. LEXIS 2291.
 {¶ 39} An appellate court's function in reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. "In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law." State v. Thompkins (1997), 78 Ohio St.3d 380, 386. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the *Page 14 
prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jenks at 273.
 {¶ 40} We agree with Macalla that the Berea Municipal Court clerk did not testify as to the date of this conviction. Nevertheless, the record is not devoid of any evidence establishing the date. The Berea Municpal clerk testified to and authenticated State's Exhibit 2, which was admitted without objection. This document unequivocally shows that Macalla was charged with OVI on October 16, 1995, that he entered a guilty plea on December 11, 1995, and that he was sentenced on January 31, 1996. The jury had this evidence before it and was fully capable of concluding that the date of the prior conviction was within the twenty-year look-back period.
 {¶ 41} As such, Macalla's second assignment of error is without merit.
C. Proof of Identification {¶ 42} In this third assignment of error, Macalla argues that the state failed to present sufficient evidence to establish beyond a reasonable doubt that he was the "person who was convicted in any of these cases."
 {¶ 43} The standard of review is the same as it was in the previous assignment of error.
 {¶ 44} R.C. 2945.75(B) governs proof of a prior conviction and clearly anticipates admission of certified judgment entries for that purpose. R.C. 2945.75(B) provides that, "whenever in any case it is necessary to prove a prior conviction, a *Page 15 
certified copy of the entry of judgment in such prior conviction together with evidence sufficient to identify the defendant named in the entry as the offender in the case at bar, is sufficient to prove such prior conviction." Thus, to prove a prior conviction under R.C.2945.75(B), the state must present both a certified copy of the prior judgment and evidence that the defendant named in the prior judgment is the defendant in the case at bar.
 {¶ 45} In State v. Simpson (1969), 20 Ohio App.2d 336, 336, the court explained that simple identity of names is insufficient:
 {¶ 46} `"Having previously been convicted' is now a necessary element of the new offense and must be proved beyond a reasonable doubt by the state. This includes the question of identity. It would not be sufficient for the state to prove that `John Smith' was previously convicted in Cuyahoga County. It must now prove that the `John Smith' previously convicted in Cuyahoga County was one and the same person as the John Smith' now on trial.'"
 {¶ 47} In the case sub judice, Officer Downs testified to Macalla's social security number and date of birth. The LEADS report was also admitted into evidence, which contained Macalla's social security number and date of birth.
 {¶ 48} After reviewing the record, we conclude that in five of the seven prior convictions, there is no question that the state presented sufficient evidence to prove beyond a reasonable doubt that the Mathew E. Macalla previously convicted of OVI was the same as the Macalla charged in the present case. *Page 16 
 {¶ 49} As for the three prior Rocky River convictions, the state presented the Rocky River Municipal Court clerk, who authenticated and testified to certified copies of the judgment entries convicting Macalla. In each one, it listed his name, as well as his date of birth and social security number.
 {¶ 50} In addition, for the two previous Berea convictions, the state presented the clerk who authenticated certified copies of dockets and case information sheets, which left no question that Macalla was the same one as convicted previously in 1987 and 1995. The documents included his name, social security number, and date of birth.
 {¶ 51} When presented with similar evidence, the Sixth District Court of Appeals found that "since the social security number is a unique identifier, this, along with the common birth dates, is evidence by which a jury could conclude that the identity of the person to whom these documents refer is the same." State v. Greene (Dec. 14, 2001), 6th Dist. No. S-01-015, 2001 Ohio App. LEXIS 5590. We, too, conclude that a social security number is a unique identifier and when coupled with the evidence of identical birth dates, constitutes evidence by which a jury could conclude that the identity of the person to whom these documents refer is the same. A trier of fact could have found this essential element of the crime proven beyond a reasonable doubt.
 {¶ 52} The two Elyria convictions, however, raise more questions. The chief deputy clerk for Elyria Municipal Court identified State's Exhibits 6 through 9. The *Page 17 
clerk explained that Exhibit 6 was from the court's docket book, which showed that in Case No. 87TR14167, a "Matthew E. Macalla" entered a plea of no contest to OVI, was found guilty, and sentenced on February 9, 1988. We note that this document alone did not have any other identifying information, such as a birth date or social security number.
 {¶ 53} However, the Elyria clerk then identified State's Exhibit 7, a document which he called "a case history ledger." He explained that Elyria Municipal Court allows defendants to enter into a payment plan to pay fines, which is then recorded on the case history ledger. He explained that Exhibit 7 was a certified copy of a case history ledger for Case No. 87TR14167, listing the name "Matthew E. Macalla" and listing a social security number, but explained that the first number of the social security number got cut off when it was copied. The remaining digits of the number matched Macalla's.
 {¶ 54} The clerk then identified State's Exhibit 9, which was the original (and thus, not ultimately admitted) case history ledger identified in State's Exhibit 7, and which the clerk explained had the full social security number listed for "Matthew E. Macalla."
 {¶ 55} It is this court's view that the state presented sufficient evidence on Macalla's identity in this case to support the jury's verdict as a matter of law. The clerk testified to two documents which, when linked together by the same name and *Page 18 
case number, show that in Case No. 87TR14167, it was Macalla who was the one convicted of OVI on February 9, 1988.
 {¶ 56} Finally, in the second Elyria case, Case No. 86TR11220, the clerk testified that the docket page showed that a "Matthew E. Macalla" was convicted of OVI on March 26, 1987. However, there is no other identifying information listed on the docket form. The clerk explained that the case ledger history for this case had "probably" been destroyed. There was no other identifying information presented. Thus, we conclude that the evidence presented by the state on this prior conviction was not sufficient to identify Macalla as the one previously convicted. Names alone are not sufficient.
 {¶ 57} Nevertheless, since there was sufficient evidence presented on the other six prior convictions to identify Macalla as the defendant in those cases, we conclude that it would not change the outcome. The twenty-year look-back statute only requires five previous convictions within twenty years in order to enhance a defendant's OVI conviction to a fourth degree felony. In this case, there were six prior convictions, where the evidence was sufficient, which supported enhancing Macalla's current OVI convictions to fourth degree felonies. Thus, although Macalla is correct with respect to the conviction in Elyria Case No. 86TR11220, we conclude that he was not prejudiced by it and as such, any error was harmless.
 {¶ 58} Accordingly, Macalla's third assignment of error is overruled.
 SPEEDY TRIAL *Page 19 {¶ 59} In his fourth and final assignment of error, Macalla argues that his speedy trial rights were violated. We disagree.
 {¶ 60} The right to a speedy trial is guaranteed to all state criminal defendants by the Sixth and Fourteenth Amendments to the United States Constitution, Klopfer v. North Carolina (1967), 386 U.S. 213, and by Section 10, Article I of the Ohio Constitution. When reviewing a speedy trial issue, an appellate court must calculate the number of days chargeable to either party and determine whether the appellant was properly brought to trial within the time limits set forth in R.C.2945.71. State v. Riley, 162 Ohio App.3d 730, 2005-Ohio-4337, at _19.
 {¶ 61} R.C. 2945.71(C)(2) governs the time within which a defendant must be brought to trial for a felony offense and provides in relevant part that: "A person against whom a charge of felony is pending * * * [s]hall be brought to trial within two hundred seventy days after the person's arrest."
 {¶ 62} R.C. 2945.71(E) provides, "For purposes of computing time * * *, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days. * * *"
 {¶ 63} The Ohio Supreme Court has construed these statutes narrowly and has held they are mandatory and must be strictly complied with by the state. See State v. Davis (1976), 46 Ohio St.2d 444; State v.Gray (1964), 1 Ohio St.2d 21.
 {¶ 64} Macalla contends that because he was arrested on March 17, 2006 and remained in jail during the entire proceedings, by August 9, 2006, he had been *Page 20 
denied his right to a speedy trial. Macalla's argument, however, fails to account for the periods when time was tolled, as allowed by law.
 {¶ 65} In particular, R.C. 2945.72 governs extensions of time for a defendant to be brought to trial and provides in pertinent part: "[t]he time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following: * * * any period of delay occasioned by the neglect or improper act of the accused[,] and * * * [t]he period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion[.]" R.C. 2945.72(D) and (H).
 {¶ 66} Macalla was arrested on March 17, 2006 and arraigned on March 21, 2006. According to the record, however, he was also arrested and arraigned on another case that same day and held in jail in lieu of bond on both cases.[6] Thus, the triple-count provision did not apply during this time. State v. MacDonald (1976), 48 Ohio St.2d 66, paragraph one of the syallabus. Since the day of the arrest does not count against the state, Macalla's speedy trial time began to run one for one on March 18, 2006.
 {¶ 67} On March 28, 2006, Macalla filed a motion for discovery. The state responded to the request on May 2, 2006, and filed its own request for discovery from Macalla on the same date. Macalla responded on June 5, 2006. *Page 21 
 {¶ 68} In State v. Mitchell, 8th Dist. No. 88977, 2007-Ohio-6190, at _33-34, this court explained that "[i]n State v. Palmer,112 Ohio St.3d 457, 2007-Ohio-374, the Ohio Supreme Court held that a speedy trial calculation is tolled after a reasonable period of time has elapsed for a defendant to respond to a request by the state for discovery. This court has also held that speedy trial time is tolled while the State awaits responses to its discovery requests."
 {¶ 69} Thus, Macalla's speedy trial time was tolled from March 28, 2006, until June 5, 2006. At that point, only ten days of time had been counted against his speedy trial time (March 18 through March 28). The triple-count provision would apply to the remaining calculation.
 {¶ 70} During the period up to June 5, 2006, Macalla filed several continuances, which would have also tolled the speedy trial time, but since it was tolled for discovery, it is not necessary to go into each one. But one in particular affects the remaining calculation. On May 31, 2006, the trial court continued another pretrial at the request of Macalla and set the date of trial for June 6, 2006. Thus, the time was tolled until June 6, 2006.
 {¶ 71} The docket is silent as to what occurred on June 6, 2006. However, on June 15, 2006, the docket indicates that the trial was continued to June 19, 2006 due to defense counsel being ill. Thus, as of June 19, 2006, ten more days should be counted against the state (June 6 through June 15, with time tolled from June 15 *Page 22 
until June 19). Applying the triple count provision, it would be thirty more days, for a total count of forty days.
 {¶ 72} Again the record is silent as to what occurred on June 19, 2006. However, on June 26, 2006, the record indicates that the trial was continued until July 6, 2006 at the request of the court due to the trial judge being in another trial. Thus, seven more days counted toward the speedy trial time (for the time the docket was silent, June 19 through 26), or twenty-one days, for a total of sixty-one days.
 {¶ 73} On July 11, 2006, the next docket entry, the record indicates that the trial was continued again to July 19, 2006, due to the trial judge being in another trial and due to defense counsel being unavailable until July 19, 2006. Thus, five more days counted against the state (from July 6 through July 11, when the record was silent), or fifteen more days added, and therefore, as of July 19, a total of seventy-six days were charged towards Macalla's speedy trial time.
 {¶ 74} The record is then silent from July 19, 2006 until August 21, 2006. On August 21, the trial court issued a nunc pro tunc entry stating that on July 19, 2006, the trial was continued because defense counsel was not available for trial and the trial court was currently engaged in another trial. The trial court also stated that the trial was continued to September 6, 2006. Macalla did not object or contend otherwise to the trial court's nunc pro tunc entry.
 {¶ 75} In State v. King (1994), 70 Ohio St.3d 158, the Ohio Supreme Court reaffirmed the holding in State v. Mincy (1982), 2 Ohio St.3d 6, that "any sua sponte *Page 23 
continuance must be reasonable, and must be accompanied by a journal entry which is made prior to the expiration of the statutory time limit and explains the reasons for the continuance." King, supra, at 160.
 {¶ 76} In State ex rel. Cruzado v. Zaleski, 111 Ohio St.3d 353,2006-Ohio-5795, at _19, the Ohio Supreme Court explained:
 {¶ 77} "[A] trial court can correct clerical errors in judgments. [State v. Garretson (2000), 140 Ohio App.3d 554, 559], citing Crim.R. 36 (`Clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time'). `The term "clerical mistake" refers to a mistake or omission, mechanical in nature and apparent on the record, which does not involve a legal decision or judgment.' See, e.g., State v. Brown (2000), 136 Ohio App.3d 816, 819-820,2000-Ohio-1660. Although courts possess inherent authority to correct clerical errors in judgment entries so that the record speaks the truth, `nunc pro tunc entries "are limited in proper use to reflecting what the court actually decided, not what the court might or should have decided.'" [State ex rel. Mayer v. Henson], 97 Ohio St.3d 276,2002-Ohio-6323, at _14, quoting State ex rel. Fogle v. Steiner (1995),74 Ohio St.3d 158, 164." (Parallel citations omitted.)
 {¶ 78} After reviewing the record, we conclude that the trial court's nunc pro tunc entry, since it was journalized before the expiration of Macalla's speedy trial *Page 24 
time, properly reflected what the trial court actually decided on July 19, 2006. Moreover, Macalla did not object or argue that this was not what in fact occurred on July 19, 2006. As such, the time was tolled from July 19, 2006 until the date of the scheduled trial, well within Macalla's speedy trial time.
 {¶ 79} We note that even if we were to construe the time from July 19, 2006 to the date of the rescheduled trial against the state, it still would have been within
 {¶ 80} Macalla's speedy trial time. As of July 19, 2006, only seventy-six days had been charged against the state. From July 19 until September 6, another fifty days had passed, or one-hundred and fifty applying the triple-count provision, bringing the total time to two hundred and twenty-six days. This still would have been well within the statutory time. Thus, Macalla's speedy trial rights were not violated.
 {¶ 81} Macalla's fourth assignment of error is overruled.
 {¶ 82} Accordingly, Macalla's four assignments of error are without merit. The judgment of the Cuyahoga County Court of Common Pleas if affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence. *Page 25 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY JANE BOYLE, JUDGE
CHRISTINE T. McMONAGLE, P.J., and PATRICIA A. BLACKMON, J., CONCUR
[1] In H.B. 163, effective September 23, 2004, the General Assembly enacted a twenty-year look-back period in R.C. 4511.19(G)(1)(d). It provides that "an offender who, within twenty years of the offense, previously has been convicted of or pleaded guilty to five or more violations of that nature is guilty of a felony of the fourth degree." The previous version of the statute provided a six-year look-back period based upon three or more previous violations.
[2] These dates are actually taken from the amended indictment. The original dates in the indictment were slightly different on six of the prior convictions.
[3] This court's records indicate that Macalla spells his first name with one "t," Mathew. In this opinion, where this court has placed quotation marks around the name "Matthew E. Macalla," spelled with two "t's," it is because that is what the witness testified to, as well as how the name was spelled in the exhibit which was being identified by the witness. We note that Macalla does not raise an identity issue concerning the spelling of his name Thus, besides quoting "Matthew" when necessary, this court will not further address it.
[4] The original case ledger history, identified as State's Exhibit 9, was not admitted into evidence, as it was withdrawn by the prosecutor. The certified copy, identified as State's Exhibit 7, was admitted into evidence and is in the record on appeal.
[5] Krosse did not testify to this, but this court's review of State's Exhibit 8 shows the name "Matthew E. Macalla" for Case No. 86TR11220, and that he entered a no-contest plea to OVI on March 26, 1987.
[6] Macalla's other case ended in an acquittal, with the verdict returned on May 3, 2006. Thus, as of May 4, 2006, the triple-count provision would apply. *Page 1