[Cite as *State v. Tate*, 2012-Ohio-4276.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 97697

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## TIMOTHY TATE

DEFENDANT-APPELLANT

## JUDGMENT:
## REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-553238

**BEFORE:** E. Gallagher, J., Celebrezze, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** September 20, 2012

**ATTORNEY FOR APPELLANT**

Christopher R. Fortunato
13363 Madison Avenue
Lakewood, Ohio   44107


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By:    Sheila Turner-McCall
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

EILEEN A. GALLAGHER, J.:

{¶1} Defendant-appellant, Timothy Tate, appeals from his conviction for domestic violence rendered in the Cuyahoga County Court of Common Pleas. Tate argues that his trial counsel rendered ineffective assistance. For the following reasons, we overrule Tate's argument of ineffective assistance of counsel. However, this court finds plain error and remands the case for proceedings consistent with this opinion.

{¶2} The facts in the instant case arise from events that occurred on July 18, 2011, in Cleveland, Ohio. On that day, Yesolde Collins and Charlotte Thomas met to take modeling pictures at Charlotte's uncle's house. Later that afternoon, the two walked to Thomas' mother's residence to meet up with Collins' boyfriend, Tate, so that Collins could give him the keys to their shared apartment. At that time, Collins and Tate began to argue and Tate repeatedly struck Collins. Collins told Thomas to call 911 and Thomas ran into a nearby store and placed the call. Police arrived on the scene and arrested Tate.

{¶3} Trial commenced and Tate's counsel stipulated to the authenticity of two previous domestic violence charges on behalf of Tate. Tate was found to be guilty as charged and was sentenced to two years in prison.

{¶4} In his sole assignment of error, Tate argues he was denied due process when his trial counsel failed to provide effective assistance at trial.

**{¶5}** In order to prevail on a claim of ineffective assistance of counsel, the defendant must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). Counsel's performance may be found to be deficient if counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland* at 687. To establish prejudice, "the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." *Bradley* at 143.

**{¶6}** In determining whether counsel's performance fell below an objective standard of reasonableness, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Strickland* at 689. Because of the difficulties inherent in determining whether counsel rendered effective assistance in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. *Id.*

**{¶7}** In this assigned error, Tate argues that his trial counsel rendered ineffective assistance on numerous instances. For purposes of clarity, each of Tate's allegations shall be addressed separately.

{¶8} Tate first alleges that his counsel erred when he "did not: [a]sk for dismissal of indictment." However, this is the only time that this facet of the assignment of error is referenced. The Ohio Rules of Appellate procedure require an appellant's brief to contain

> [a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. App.R. 16(A)(7).

{¶9} Tate has not provided this court with any information as to where he feels his trial counsel made this error, any authority citing that this sort of error is relevant to ineffective assistance, or anything to support this contention at all. Tate does not even state a reason the indictment could have been challenged. Therefore, we will not consider this factor as part of the ineffective assistance of counsel argument.

{¶10} Tate next claims that his trial counsel erred when he did not "aggressively retain or seek the removal of jurors in the voir dire in four instances." Again, in his brief he does not state this argument beyond this lone sentence. He never identifies the "four instances" to which he is referring. In the "Statement of Facts" section of his brief he mentions by name five potential jurors who were removed for cause: Kibort, Stein, Talley, Stevens, and Butler. In order to evaluate Tate's arguments thoroughly we will assume Tate meant five "instances" and draw his arguments from the "Statement of Facts" section to our best ability. In each of the five instances Tate argues that all were biased against the state, as such, his counsel should have fought to retain them. We

disagree.

{¶11}  The first juror Tate mentions is Juror Kibort.  In court, she related that she had been a victim of domestic violence and was unhappy with the aid she received from the state in trying to pursue charges.  Tate suggests that she had a bias against the state.  This is not clear from the transcript.  It is unclear that her testimony necessarily represents a bias against the state as Tate seems to believe exists.  Tate's trial counsel made a motion to remove this juror for cause and the court granted it. This was a strategic decision on the part of Tate's trial counsel.  The Supreme Court of Ohio has held that regarding voir dire "we will not second guess trial strategy decisions, and a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *State v. Mason*, 82 Ohio St.3d 144, 157-158, 694 N.E.2d 932 (1998), *overruled on other grounds.*  Furthermore, "debatable trial tactics do not constitute a denial of effective assistance of counsel."  *State v. Clayton*, 62 Ohio St.2d 45, 49, 402 N.E.2d 1189 (8th Dist.1980).

{¶12}  The next juror Tate cites as being unable to be fair to the state is Juror Stein, who was also a victim of domestic violence.  However, the transcript is directly contrary to that conclusion.  Ms. Stein said, "I have a very deep-seated resentment against and, of course, against men who abuse women, and I would be very biased."  Here, it is even clearer that trial counsel moved to dismiss this juror in the best interest of his client.

**{¶13}** Tate references Juror Stevens, who stated that "It's just the way I was brought up. You don't have domestic violence at any household." She went on to say she could not be fair in this case. The transcript again demonstrates that the removal of this juror was, in fact, in Tate's best interest. This cannot be regarded as an error lending itself to an ineffective assistance of counsel argument.

**{¶14}** Tate also makes reference to Juror Talley, a man who was himself accused of domestic violence. Talley had some difficulty of the distinction between domestic violence and, as he put it, "wrestling around." The state moved to excuse the juror for cause and Tate's trial counsel made no objection nor did he consent. At this point, Tate's trial counsel had eliminated three potentially biased jurors for cause, unopposed. To in turn allow the state to dismiss a juror, unopposed, is not an egregious error amounting to ineffective assistance.

**{¶15}** The last juror Tate references is Juror Butler, a former U.S. Attorney, who said she could not be fair to the state in this case as she recently lost the election for prosecutor against the Cuyahoga County Prosecutor, William D. Mason. Tate says his trial counsel erred when he did not try to keep her on the jury when the state made a motion to remove for cause. Again, this seems like strategy on behalf of trial counsel, and it is not this court's job to second guess the viable strategies employed by lawyers.

**{¶16}** This court does not regard the actions by Tate's trial counsel to be errors, but rather tactical maneuvers. "Voir dire is largely a matter of strategy and tactics.

Actions of defense counsel which might be considered sound trial strategy are to be presumed effective." *State v. Abdul*, 8th Dist. No. 90789, 2009-Ohio-225, ¶ 35. Tate's arguments wrongly assume that the goal of voir dire is to try to keep as many jurors who are partial to your cause as possible. Instead, voir dire is intended to create a jury pool best equipped to assess the facts presented without being influenced by personal bias in order to ensure a fair and just outcome. Furthermore, Tate has offered no evidence, and this court infers no evidence, that "were it not for counsel's errors, the result of the trial would have been different." *Bradley*, 42 Ohio St.3d at 143, 538 N.E.2d 373. The evidence Tate offers does not even allow this court to believe that, if not for trial counsel's alleged errors, the voir dire process would have ended with different results. The jurors referenced above were appropriately removed for cause and this court cannot find attorney error in that practice.

{¶17} Tate next alleges his trial counsel erred in stipulating to Tate's two prior convictions for domestic violence. In cases where it is necessary for the state to prove prior convictions in order to achieve a felony conviction, it is not uncommon for the defendant's attorney to stipulate to the previous charges as a strategic maneuver. *See State v. Allen*, 8th Dist. No. 90476, 2008-Ohio-5985, at ¶ 55-56. "Stipulations to prior convictions are widely recognized as a practice which benefits defendants by precluding the state from introducing evidence as to the details of the prior convictions." *State v. Arnold*, 8th Dist. No. 79280, 2002 Ohio App. LEXIS 201, *8 (Jan. 24, 2002). Ohio

courts have found, "trial counsel could stipulate to the fact of a prior conviction in order to reduce the prejudicial effect of a prior criminal record. The decision is purely one of trial strategy. Thus, the decision of appellant's counsel to stipulate * * * cannot be characterized as ineffective assistance of counsel." *State v. Rogers*, 11th Dist. No. 2007-T-0003, 2008-Ohio-2757, at ¶ 77.

{¶18} Tate argues that his trial counsel erred in waiving an opening statement. In *Bradley*, the court stated that when considering the waiving of opening statements, "given * * * the 'strong presumption' that counsel's performance constituted reasonable assistance, counsel's actions must be viewed as tactical decisions and do not rise to the level of ineffective assistance." *Bradley* at 144. Here, we find the situation to be similar to *Bradley*. Again, the alleged error is little more than a tactical move on the part of trial counsel and, alone, cannot be found to be ineffective assistance of counsel. There is nothing in the record to show, and Tate makes no argument to show, that had his trial counsel made an opening statement, the outcome of the trial would have been different. *Id*. at 143.

{¶19} Tate alleges his trial counsel erred in failing to challenge two pieces of hearsay evidence. The first was the tape of the 911 call Thomas made on the day of the incident. The second was the written statement Collins gave the police on the day of the incident. We find trial counsel's restraint from objecting to this evidence to be inconsequential as the evidence would have been allowed under hearsay exceptions.

{¶20} The tape of Thomas' call to 911 would have been admitted under two exceptions to the hearsay rule. Ohio Rule of Evidence 803 provides for exceptions to the hearsay rule. The present sense impression exception allows hearsay when it is

> [a] statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter unless circumstances indicate lack of trustworthiness. Evid.R. 803(1).

Also, the excited utterance exception allows hearsay when it is "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." Evid.R. 803(2). Thomas' call to 911 would have been admissible under either of these exceptions as she stated she was concerned about both Collins' and her own well-being when she made the call.

{¶21} Collins' written statement would also be admissible under the present sense impression exception. This is especially relevant as Collins had trouble remembering the incident clearly at the time of trial. This is reflected in the alleged hearsay evidence as the statement Collins signed for the police officers read, "[Tate] hit me so hard I don't remember." Present sense impression hearsay is admissible because "[f]abrication and faulty recollection are generally precluded by the fact that present sense impressions are limited to those statements describing or explaining an event made while or immediately after the declarant witnesses the event." *State v. Jordan*, 8th Dist. No. 70783, 1997 Ohio App. LEXIS 5107, *16 (Nov. 13, 1997). The declarent is less likely to embellish or lie immediately following an incident as they have not had time to

reflect on the event. They merely state what happened.

**{¶22}** Tate argues that the hearsay should have been excluded as both witnesses were there to testify at trial. This argument has no merit as Ohio Rules of Evidence Section 803 provides that present sense impressions and excited utterances "are not excluded by the hearsay rule, even though the declarant is available as a witness." They are intended for use even when the declarant is available and testifying.

**{¶23}** Tate's trial counsel's lack of objection when it would have undoubtedly been overruled cannot lend itself to a finding of ineffective assistance of counsel.

**{¶24}** Tate argues that his trial counsel erred when he created an uncertainty as to whether or not Tate would testify on his own behalf. The record reflects, however, that it was Tate himself who told the court he wished to testify. The court then explained to him the rights he would be waiving if he did testify on his own behalf. Tate had a brief conference with trial counsel, after which his trial counsel stated to the court that Tate no longer wished to testify. Any uncertainty created here was caused by Tate himself. Tate offers nothing to demonstrate how this prejudiced his defense. Here there is no error that contributed to an ineffective assistance of counsel argument.

**{¶25}** Tate's last argument for error on the part of his trial counsel is that he did not impeach Collins' character when she testified. More specifically, trial counsel did not impeach Collins' character that she had to be brought to court via bench warrant and arrest and be made to testify. Tate does not explain how his trial counsel, refraining

from impeaching Collins as to the bench warrant, prejudiced his defense. Again legal strategy cannot lend itself to an ineffective assistance of counsel argument. We must grant deference to Tate's trial counsel.

{¶26} Tate's arguments amount to little more than hindsight, second-guessing of trial tactics or harmless errors. When considered in their totality, there is nothing to show that these errors amount to ineffective assistance of counsel.

{¶27} For the reasons stated above we overrule Tate's assignment of error.

{¶28} This court, however, finds the trial court's judgment of conviction constituted a plain error as the element of prior convictions was not properly established to convict Tate of the felony domestic violence charge. Because this element of the offense was not met, Tate's felony conviction must be overturned, and the lesser misdemeanor conviction for domestic violence entered.

{¶29} When an error is plain error, this court has the authority to review it, sua sponte.

> Ohio Crim.R. 52 (B) states: "Plain error or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." This rule allows the appellate court, at the request of appellate counsel or sua sponte, to consider a trial error that was not objected to when that error   was "plain error."

*State v. Vason*, 8th Dist. No. 88069,   2007-Ohio-1599, ¶ 10.

{¶30} Furthermore, this court has an obligation to correct plain error.

> When an error is clearly apparent on the record and is prejudicial to the appellant, there is no justifiable reason to ignore such an error where the interests of justice require that review be granted.

*State v. Eiding*, 57 Ohio App.2d 111, 121, 385 N.E.2d 1332 (8th Dist.1978).

The plain error standard is tough to reach.

> To rise to the level of plain error, it must appear on the face of the record not only that the error was committed, but that except for the error, the result of the trial clearly would have been otherwise and that not to consider the error would result in a miscarriage of justice.

*State v. Young*, 8th Dist. No. 79243, 2002-Ohio-2744, ¶ 41.

Here, we believe this standard is met.

{¶31} In order to prove felony in this case, it was necessary for the state to prove, beyond a reasonable doubt, Tate's two prior convictions for domestic violence. R.C. 2919.25(A) establishes the basic offense of domestic violence as, "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member." R.C. 2919.25(D)(4) is the clause that enhances the misdemeanor offense to a felony of the third degree, it reads

> [i]f the offender previously has pleaded guilty to or been convicted of two or more offenses of domestic violence or two or more violations or offenses of the type described in division (D)(3) of this section involving a person who was a family or household member at the time of the violations or offenses, a violation of division (A) or (B) of this section is a felony of the third degree.

{¶32} This court has stated, "when the prior conviction is a degree-enhancing element versus a sentence-enhancing element, the state is required to prove its existence

beyond a reasonable doubt." *State v. Mitchell*, 8th Dist. Nos. 67490 and 67491, 1996 Ohio App. LEXIS 5454, *8 (Dec. 5, 1996).

{¶33} Proof of a previous conviction is governed under R.C. 2945.75(B). In order "to prove a prior conviction under R.C. 2945.75(B), the state must present both a certified copy of the prior judgment and evidence that the defendant named in the prior judgment is the defendant in the case at bar." *State v. Macalla*, 8th Dist. No. 88825, 2008-Ohio-569, ¶ 44. *Macalla* goes on to say

> that simple identity of names is insufficient: "Having previously been convicted" is now a necessary element of the new offense and must be proved beyond a reasonable doubt by the state. This includes the question of identity. It would not be sufficient for the state to prove that "John Smith" was previously convicted in Cuyahoga County. It must now prove that the "John Smith" previously convicted in Cuyahoga County was one and the same person as the "John Smith" now on trial.

*Id*. at ¶ 45-46, citing *State v. Simpson*, 20 Ohio App.2d 336, 254 N.E.2d 23 (3d Dist.1969).

{¶34} In order to establish this element, proof such as a social security number or birth date must be used as a unique identifier. *Id*. at ¶ 51.

{¶35} Here, the record shows little more than the fact that the previous convictions displayed the same name of Timothy Tate, but does not have any unique identifier to say that this is the same Tate that is on trial. No social security number or date of birth was submitted by the state. Tate only stipulated to the previous conviction's authenticity. There was no stipulation as to identity. The court asked, prior to trial, if he stipulated to the authenticity and trial counsel responded in the affirmative. Tate's

trial counsel made a motion to acquit on the basis of identity after the state rested their case. This motion was denied by the court. We find, however, that the record reflects that the state failed to establish the element of prior convictions for the felony charge. Thus, the trial court's conviction of a felony was in error.

{¶36} It is also clear from the record that had this error not occurred, the result of the trial would have been different and to ignore the error would be a miscarriage of justice. *State v. Young*, 8th Dist. No. 79243, 2002-Ohio- 2744, ¶ 41. The error resulted in Tate's conviction of a felony rather than a misdemeanor. It is evident that ignoring this error would result in a miscarriage of justice. We find that all of the elements of the first-degree misdemeanor domestic violence charge have been met, but not the prior convictions element of the third-degree felony charge.

{¶37} Having found plain error, sua sponte, we reverse Tate's conviction and remand the case to the trial court to enter a judgment convicting Tate of domestic violence as a misdemeanor of the first degree and to impose sentence pursuant to law.

{¶38} This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the lower court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

KENNETH A. ROCCO, J., CONCURS;
FRANK D. CELEBREZZE, JR., P.J., DISSENTS
WITH SEPARATE OPINION


FRANK D. CELEBREZZE, JR., P.J., DISSENTING:

{¶39} I respectfully dissent from the majority's finding of plain error in this matter. In finding plain error, the majority concluded that the element of appellant's prior conviction was not proven beyond a reasonable doubt based on the state's failure to establish appellant's identity as the party who was previously convicted for domestic violence.

{¶40} Here, the record reflects that prior to trial, appellant, through counsel, stipulated to the authenticity of his two previous domestic violence convictions in Franklin County, Ohio, against the same victim as in the instant case. While I agree that R.C. 2945.75(B) requires the state to provide evidence that "the defendant named in the prior judgment is the defendant in the case at bar," I would find that where, as here, a defendant stipulates to the authenticity of *his* previous convictions, it is inherent that the defendant is equally stipulating to the fact that *he* is the same party named in the prior judgment of conviction. This scenario is distinguishable from the facts contained in *State*

*v. Macalla*, 8th Dist. No. 88825, 2008-Ohio-569, where no stipulation to the prior conviction was provided by the defendant.

{¶41} Based on the foregoing, I believe that the state proved appellant's prior conviction beyond a reasonable doubt. Accordingly, I would affirm appellant's felony conviction and his subsequent prison sentence.

## Appendix

**Assignment of Error**

> **The appellant did not receive due process when appellant's trial counsel was ineffective in his assistance to the appellant at trial through numerous instances of ineffective assistance of counsel that produced a cumulative effect against the appellant in violation of the Sixth Amendment to the United States Constitution and Article I, Sec. 10 of the Ohio Constitution.**