THE STATE OF OHIO, APPELLANT, *v.* TATE, APPELLEE.

[Cite as *State v. Tate,* 138 Ohio St.3d 139, 2014-Ohio-44.]

*Criminal Law—Domestic violence—Prior convictions elevate level of offense under R.C. 2919.25(D)(4)—Stipulation to prior convictions—Plain error not present when context of stipulation indicates that accused is person who was previously convicted—Court of appeals' judgment reversed.*

(No. 2012-1861—Submitted October 23, 2013—Decided January 15, 2014.)

APPEAL from the Court of Appeals for Cuyahoga County,

No. 97697, 2012-Ohio-4276.

_____

**O'DONNELL, J.**

{¶ 1} The state appeals from a judgment of the Eighth District Court of Appeals reversing Timothy Tate's felony domestic violence conviction because it determined that the state had failed to establish the necessary element of Tate's prior domestic violence convictions. The record reveals, however, that during trial, the defense stipulated to the authenticity of Tate's two prior first degree misdemeanor domestic violence convictions, and therefore, the state did properly prove the instant conviction. Accordingly, we reverse the judgment of the appellate court and reinstate the judgment of the trial court.

*Facts and Procedural History*

{¶ 2} On July 18, 2011, an altercation occurred between Timothy Tate and his girlfriend, Yesolde Collins. Tate was upset because Collins did not immediately respond when he called her asking for a key to the house they shared.

{¶ 3} As Collins and her friend Charlotte Thomas walked toward the apartment complex where Tate had been waiting in the courtyard, he and Collins

"started going back and forth," and Thomas continued walking with them, trying to prevent a fight. Thomas testified that during the argument, Tate hit Collins in the eye, and it "started closing up immediately." In response, Collins pushed and hit Tate, and his glasses fell and broke. Collins ran to a secluded area, and Tate chased her and hit her "three or four times more" as she tried to defend herself. A male bystander tried to stop the fight. At Collins's urging, Thomas went to a gas station and called 9-1-1. Tate ran, and when Officer Timothy Combs and his partner arrived, a short chase ensued. After Tate's apprehension, Officer Combs's partner arrested him for misdemeanor domestic violence. Following Tate's arrest, an assistant city prosecutor informed Detective Steve Ricketti that she "had located two prior convictions for Mr. Tate, Timothy Tate, out of Columbus, Ohio."

{¶ 4} On August 11, 2011, a Cuyahoga County grand jury returned an indictment charging Tate with felony domestic violence, which contained an allegation that Tate had previously been convicted of two offenses of domestic violence in Franklin County.

{¶ 5} Tate pled not guilty, and the matter proceeded to a jury trial. Prior to commencing voir dire, the state informed the trial court that the parties were "going to do a stipulation," and after the trial court addressed another issue, the following colloquy occurred:

> THE COURT: So there's a stipulation that needs to be dealt with.
>
> MR. KLOPP [Defense Counsel]: Two prior convictions.
>
> MS. TURNER-MCCALL [Assistant Prosecuting Attorney]: Your Honor, I have a certified copy from Franklin County Municipal Court of *the defendant's two prior first degree*

*misdemeanor domestic violence convictions*, and there's a
stipulation.

> THE COURT: You stipulate to the authenticity?
>
> MR. KLOPP: Yes, sir.
>
> THE COURT: Okay. That will be noted.

(Emphasis added.)

{¶ 6} The court later informed the jury:

[T]he state and defense have stipulated to evidence and there's
going to be evidence presented to you by the state of those
convictions, namely court records, supporting those prior
convictions because those are known as elements of this offense.
They enhance the offense and make it a felony degree, that's why
this court has jurisdiction over those new charges.

{¶ 7} The court also instructed:

[Y]ou can consider the evidence that will be stipulated to to
support that furthermore clause [in the indictment], which would
make this a felony for that purpose only, that the state proves those
convictions exist. What you cannot use those convictions for is to
infer that, because he has convictions in those cases, he is, in fact,
guilty of what's being alleged as occurring on July 18th, 2011.

The state then presented its case-in-chief.

{¶ 8} After the state's final witness testified, the trial court admitted into
evidence the state's exhibit containing copies of the Franklin County convictions,

and the state rested its case-in-chief. The defense then moved for acquittal "as far as the prior convictions would be dismissed to establish the enhancement from the misdemeanor to the felony 3 level," asserting that the state did not present evidence establishing Tate's identity as the same Timothy Tate referred to in the Franklin County convictions. The trial court denied this motion and the defense rested.

{¶ 9} Before the trial court charged the jury, however, *the defense requested* the following limiting instruction regarding the use of the two prior convictions:

> Evidence was received *that the Defendant has two prior convictions for domestic violence*. That evidence was received because a prior conviction is an element of the offense charged.
> It was not received, and you may not consider it, to prove the character of the Defendant in order to show that he acted in conformity with that character.

(Emphasis added.) Over the state's objection, the trial court decided to incorporate the defense's proposed limiting instruction as part of its jury instructions.

{¶ 10} Thereafter, the trial court instructed the jury, stating in part:

> All right. I'm going to give you another instruction about the stipulated exhibits. You will see that the state has offered to prove the furthermore clause. As you heard in the beginning of its case, the furthermore clause has the same effect of raising the allegation here to the felony level. The evidence that will be given to you regarding the prior convictions of the defendant, this

evidence is being given to you because one of the elements of domestic violence in this felony charge is the existence of a prior conviction. As with other elements of the charge, the existence of a prior conviction must be proven by the state beyond a reasonable doubt. You may not consider this evidence for any other purpose other than to establish the existence of a prior conviction. You are specifically instructed not to consider this evidence as determining whether the defendant has committed any of the other elements of the present charge [of] domestic violence.

{¶ 11} In its closing argument, the state asserted, "The parties have agreed, as you heard the judge say earlier, and you'll have with you certified records that this defendant was found guilty of domestic violence twice in Columbus, Ohio." Defense counsel did not object to this statement. However, the defense attorney in closing argument stated, "I would offer that I don't believe, as far as I believe, there might be an issue relative to the prior convictions—." The state objected and after a sidebar conference, defense counsel told the jury, "I would offer that relative to the two prior convictions, which enhance the offense, the defense did stipulate to the documents presented by the state and entered into evidence. But I would argue that they have not connected those documents to Mr. Tate." After deliberating, the jury found Tate guilty of domestic violence as charged in the indictment, and the trial court later imposed a two-year prison term.

{¶ 12} Tate appealed, claiming that he had been denied effective assistance of trial counsel. *State v. Tate*, 2012-Ohio-4276, 982 N.E.2d 94, ¶ 4 (8th Dist.). The appellate court overruled that claim, but in a split decision, the majority sua sponte determined that "the trial court's judgment of conviction constituted a plain error as the element of prior convictions was not properly

established to convict Tate of the felony domestic violence charge." *Id*. at ¶ 28. The appellate court reversed Tate's conviction and remanded the case to the trial court to enter a judgment of conviction for misdemeanor domestic violence. *Id.* at ¶ 37.

{¶ 13} We accepted the state's discretionary appeal on the following proposition of law: "Identity is established where a defendant stipulates to the authenticity of certified copies of his own prior domestic violence convictions."

{¶ 14} The state urges that when an accused stipulates to certified copies of his or her prior domestic violence convictions, it is dispensed from its obligation to offer any other evidence of identity with respect to those prior domestic violence convictions. According to the state, it has two ways to prove an accused's prior conviction: it may submit a certified copy of the entry of judgment of a prior conviction with evidence sufficient to identify the accused as the person named in the entry or it may obtain the accused's stipulation to the prior conviction, which obviates the state's need to produce evidence regarding it. The state maintains that Tate's stipulation in this case could not have been for the purpose of attesting to the authenticity of the records, because certified copies of a public record are self-authenticating and thus, if any plain error exists, Tate invited it based on his agreement to the stipulation. The state further contends that the record supports the conclusion that Tate is the person named in the prior convictions and if the appellate decision is not reversed, there will be a chilling effect on the state and a trial court's future willingness to accept stipulations to prior convictions.

{¶ 15} Tate contends that a stipulation to the authenticity of journal entries does not prove the identity of an accused. He maintains that his trial counsel stipulated to the authenticity of the documents offered by the state, but not that he was the person named in the documents. He urges that the trial testimony of Detective Ricketti failed to prove identity because Ricketti did not

have personal knowledge that Tate was the same person referred to in the Franklin County Municipal Court entries and the state conflated the defense's stipulation to authenticity with a stipulation conceding that Tate was the person named in the entries. Tate maintains that even if the documents were self-authenticating, they did not establish his identity and his trial counsel did not invite error. Tate urges that the state did not prove his identity beyond a reasonable doubt and public policy supports the view that an accused should be released or have a conviction adjusted when the state does not prove its case beyond a reasonable doubt.

{¶ 16} Accordingly, the issue presented in this appeal is whether the stipulation to the authenticity of Tate's prior domestic violence convictions established his identity to sustain his conviction for felony domestic violence.

### *Law and Analysis*

{¶ 17} R.C. 2919.25(D)(4) states that domestic violence is a felony of the third degree if an offender "previously has pleaded guilty to or been convicted of two or more offenses of domestic violence." When a prior conviction elevates a misdemeanor to a felony, "the prior conviction is an essential element of the crime, and must be proved by the state." *State v. Allen*, 29 Ohio St.3d 53, 54, 506 N.E.2d 199 (1987); *State v. Henderson*, 58 Ohio St.2d 171, 173, 389 N.E.2d 494 (1979).

{¶ 18} R.C. 2945.75(B)(1) specifies what is necessary to prove a prior conviction. It provides: "Whenever in any case it is necessary to prove a prior conviction, a certified copy of the entry of judgment in such prior conviction together with evidence sufficient to identify the defendant named in the entry as the offender in the case at bar, is sufficient to prove such prior conviction." Notably, in *State v. Gwen*, 134 Ohio St.3d 284, 2012-Ohio-5046, 982 N.E.2d 626, ¶ 14, this court stated that "R.C. 2945.75(B)(1) sets forth one way to provide 'sufficient' proof of a prior conviction, but does not provide the *only* method to

prove it. For example, an offender may, and often does, stipulate to a prior conviction to avoid the evidence being presented before a jury." (Emphasis sic.)

{¶ 19} A stipulation in law is nothing more than agreement as to the veracity of a fact in issue. *Black's Law Dictionary* 1550 (9th Ed.2009) defines "stipulation" as a "voluntary agreement between opposing parties concerning some relevant point; esp., an agreement relating to a proceeding, made by attorneys representing adverse parties to the proceeding." At early common law, this court recognized the well-established rule that parties

> may waive certain rights which are given them in a court of justice; they may agree that certain facts exist, without other proof of their existence; a party may waive exception to evidence not technically legal, may waive informalities in adversary pleading, or may admit, generally, that the issue joined is against him, and suffer judgment without an investigation of the facts.

*Gittings v. Baker*, 2 Ohio St. 21, 23-24 (1853).

{¶ 20} Here, a careful reading of the prosecutor's statement reveals that Tate stipulated that he was the individual referenced in the certified copy: "I have a certified copy from Franklin County Municipal Court of *the defendant's* two prior first degree misdemeanor domestic violence convictions." This explains the stipulation entered into between the parties and is specific about Tate's prior domestic violence convictions. Although the trial court inartfully phrased its question—"You stipulate to the authenticity?"—the court implied that the issue of authenticity refers to the previously referenced documents, i.e., the authenticity of this defendant's two prior first degree misdemeanor domestic violence convictions as specified by the prosecutor. Otherwise, there is no context for the trial court's reference to authenticity—it can only refer to what the prosecution

referenced. When read in context, the stipulation referred to *Tate's* two prior first degree misdemeanor domestic violence convictions. The stipulation referred to the same Timothy Tate who was then on trial.

{¶ 21} This analysis is further supported by defense counsel's request that the court instruct the jury that "[e]vidence was received that *the Defendant has two prior convictions for domestic violence*," but that this evidence should not be used to prove his character or that he acted in conformity with this character. (Emphasis added.) This instruction belies the defense contention that confusion existed based on the stipulation and supports the view that the jury could, and in fact did, convict Tate of felony domestic violence.

{¶ 22} Additionally, at trial Detective Ricketti testified on direct examination that Tate had prior convictions from Columbus, Ohio, both involving the same victim—Yesolde Collins. On direct examination, Collins testified that she and Tate had lived together in Columbus for seven or eight months and they lived together in Cleveland for two or three months before the current episode of domestic violence. Thus, the testimony of Ricketti and Collins, as well as the criminal complaints in the record regarding the Franklin County convictions naming Collins as the victim in both previous incidents, provide additional circumstantial evidence linking Tate to the Franklin County Municipal Court domestic violence convictions.

### *Conclusion*

{¶ 23} The court of appeals erroneously determined that plain error existed in this case, and it improperly reversed the conviction and remanded the case. A careful reading of the stipulation as outlined by the prosecutor with specific reference to the defendant's prior domestic violence convictions and the trial court's reference to authenticity reveal that there is no ambiguity that Tate is the person referenced in the stipulated exhibits. For these reasons, the judgment of the court of appeals is reversed and the judgment of the trial court is reinstated.

Judgment reversed.

O'CONNOR, C.J., and PFEIFER, KENNEDY, and FRENCH, JJ., concur.

LANZINGER and O'NEILL, JJ., concur in judgment only.

_____

Timothy J. McGinty, Cuyahoga County Prosecuting Attorney, and Kristen L. Sobieski and James Price, Assistant Prosecuting Attorneys, for appellant.

Christopher R. Fortunato, for appellee.

Robert L. Tobik, Cuyahoga County Public Defender, and John T. Martin, Assistant Public Defender, urging affirmance for amicus curiae Cuyahoga County Public Defender.

_____