[Cite as *State v. Waheed*, 2016-Ohio-2951.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-150254 |
| | | TRIAL NO. 15CRB-5961 |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| MUHAMMAD WAHEED, | : | |
| | | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  May 13, 2016

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Sean M. Donovan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller,* Hamilton County Public Defender*,* and *Marguerite Slagle*, Assistant Public Defender, for Defendant-Appellant.

Please note:  this case has been removed from the accelerated calendar.

**FISCHER, Presiding Judge.**

{¶1}    Defendant-appellant Muhammad Waheed appeals his conviction for one count of domestic violence, as a first-degree misdemeanor, following a bench trial.   The trial court sentenced Waheed to 180 days in jail, suspended 40 days, credited 10 days, and imposed two years of community control. It also ordered Waheed to pay a $200 fine and court costs. Waheed now appeals, raising two assignments of error.

{¶2}    In his first assignment of error, Waheed argues that his conviction for domestic violence was based on insufficient evidence because the state failed to prove his identity in two prior convictions that had been used to elevate the domestic-violence offense to a first-degree misdemeanor.   In his second assignment of error, he argues that his trial counsel was ineffective for failing to collaterally attack his prior convictions as having been uncounseled. Because the record reveals that Waheed's trial counsel stipulated to his two prior convictions, we find neither assignment of error to be meritorious.   Therefore, we affirm the trial court's judgment.

### *Waheed's Prior Convictions*

{¶3}    In his first assignment of error, Waheed argues that the state presented insufficient evidence to convict him of domestic violence as a first-degree misdemeanor.   Waheed argues that the state failed to present evidence to establish that he had two prior convictions for domestic violence.   He does not challenge the sufficiency of the evidence with respect to the other elements of the domestic-violence offense.

{¶4}    R.C. 2919.25(C) provides, "No person, by threat of force, shall knowingly cause a family or household member to believe that the offender will cause imminent

physical harm to the family or household member." R.C. 2919.25(D)(4) provides that "if the offender previously has pleaded guilty to or has been convicted of two or more offenses of domestic violence * * * a violation of division (C) of this section is a misdemeanor of the first degree."

{¶5}    The Ohio Supreme Court has held that "when the existence of a prior conviction affects the degree of the offense and not just the punishment available upon conviction, it is an essential element of the offense." *See State v. Gwen*, 134 Ohio St.3d 284, 2012-Ohio-5046, 982 N.E.2d 626, ¶ 11, citing *State v. Allen*, 29 Ohio St.3d 53, 54, 506 N.E.2d 199 (1987).  Thus, in order to convict Waheed of domestic violence as a first-degree misdemeanor, the state had to prove beyond a reasonable doubt that Waheed had "pleaded guilty to or been convicted of two or more offenses of domestic violence." *See* R.C. 2919.25(D)(4); *Gwen* at ¶ 11, citing *State v. Henderson*, 58 Ohio St.2d 171, 173, 389 N.E.2d 494 (1979).

{¶6}    R.C. 2945.75(B)(1) provides that "[w]henever in any case it is necessary to prove a prior conviction, a certified copy of the entry of judgment in such prior conviction together with evidence sufficient to identify the defendant named in the entry as the offender in the case at bar, is sufficient to prove such prior conviction."  In *Gwen*, however, the Ohio Supreme Court stated that "the method set forth in R.C. 2945.75(B)(1) is not the exclusive method for proving a prior conviction."  *Gwen* at paragraph one of the syllabus.  The *Gwen* court noted that "an offender may, and often does, stipulate to a prior conviction to avoid the evidence being admitted to the jury." *Id.* at ¶ 14.   "A stipulation in law is nothing more than agreement as to the veracity of a fact in issue."  *State v. Tate*, 138 Ohio St.3d 139, 143, 2014-Ohio-44, 4 N.E.3d 1016, ¶ 19, citing *Black's Law Dictionary* 1550 (9th Ed.2009).

{¶7} Waheed contends that the state failed to prove that he had two prior convictions for domestic violence. He argues that while the state introduced into evidence two domestic-violence convictions for Arnold Glenn, the state presented insufficient evidence to connect him to those two convictions. The state asserts, on the other hand, that Waheed's counsel stipulated to the state's use of the prior convictions to elevate the degree of Waheed's offense, and it therefore, did not need to prove Waheed's identity as Arnold Glenn.

{¶8} The record reflects that Waheed's prior convictions were discussed at a pretrial proceeding. Defense counsel acknowledged that the state would need to prove Waheed had prior convictions "to make it a misdemeanor of the first degree." Defense counsel acknowledged that he had seen the paperwork, but stated that he had "to do some independent verifications as to an issue of waiver of counsel."

{¶9} On the day of Waheed's bench trial, the assistant prosecuting attorney offered state's exhibits 1 and 2 into evidence, which were certified copies of Waheed's prior convictions. A discussion then ensued between defense counsel, the assistant prosecuting attorney, and the trial court judge regarding the admission into evidence of Waheed's prior convictions.

ASSISTANT PROSECUTING ATTORNEY: * * * Your honor, before we get started, I have State's exhibit 1 and 2. They are certified copies of Waheed's prior convictions of domestic violence. I believe that as part of the statute one of the elements I have to prove to show that this threat here today is a misdemeanor of the first degree is his two prior convictions of domestic violence. So I'd just be offering State's exhibits 1 and 2 into evidence.

THE COURT: Anything from the defense on that?

DEFENSE COUNSEL: Judge, for the record, I would object. I understand if it's a felony domestic violence that it is an element that the state has to prove upping it to a felony. However, in this case, it simply changes the level of a misdemeanor rather than making it a felony. I know in an OVI case if someone has multiple priors, the State would not be allowed to introduce the evidence of priors but rather have it as a matter of handling it at sentencing should it result in a conviction. I would suggest to the court that this should be handled the same way. In the event of conviction, then that's a sentencing factor. But I wouldn't say that it's not an element that the State has to prove. And for that reason, I would say that it's otherwise inadmissible evidence. If the court is willing to admit it for that, I would ask that it be considered for that limited purpose only, only to show the elements exist and not for any indication of conduct.

THE COURT: The elements of the charge, and what is the allegation here?

ASSISTANT PROSECUTING ATTORNEY: Your Honor, it's a domestic violence threat.

THE COURT: All right, the elements of the charge that the defendant – no individual may cause another – a family or household member to believe they would cause serious physical harm to them or threaten to cause serious physical harm, that element?

ASSISTANT PROSECUTING ATTORNEY: Yes, cause imminent physical harm to the family or household member. Your Honor, under 2919.25(D), it says if the defendant has previously entered a plea of guilty

or been convicted of two or more violations of domestic violence, a violation of division (c), which is the threat, of this section, is a misdemeanor of the first degree. As you normally know, it is a misdemeanor of the fourth degree. But here, we have a misdemeanor of the first degree. So I feel – the State believes that part of – one of the elements I have to prove is the two prior convictions to prove my misdemeanor of the first degree.

THE COURT: But to defense counsel's point, isn't that an issue of sentencing as opposed to an element of the offense? I mean the elements are that the person threatened and that they believed that they were in imminent fear of physical safety. For sentencing purposes, I mean that's – how does the prior conviction play into the elements itself if we're talking about the nature of the offense with regard to the degree?

ASSISTANT PROSECUTING ATTORNEY: I understand what you are saying. I just – normally, it's a misdemeanor of the first [sic] degree and here it's a misdemeanor of the first degree. How do we know that? We know that because or why is that? It's because of these prior convictions. And your Honor has to make a finding on the misdemeanor of the first degree. And I believe these [convictions] need to be in evidence for you to do so.

THE COURT: All right, if this were a jury, I would probably rule differently. However, I will accept the State's position that this is an element of the offense in order to elevate it to a first degree misdemeanor. Although, I do agree with the defense it should be taken for the limited purpose of elevating the offense and not for consideration of consistent

6

behavior otherwise. So they'll be admitted. I'll note the defense objection

for the reasons argued.

{¶10} Based upon the foregoing exchange in the record, we agree with the state that Waheed's counsel's statements were tantamount to a stipulation as to the authenticity and admissibility of the two prior convictions for use to elevate the offense from a fourth-degree misdemeanor to a first-degree misdemeanor. *See State v. Post*, 32 Ohio St.3d 380, 393, 513 N.E.2d 754 (1987). As a result, we overrule the first assignment of error.

### *Waheed's Trial Counsel Was Not Ineffective*

{¶11} In his second assignment of error, Waheed contends he was denied the effective assistance of counsel guaranteed by the Sixth Amendment because his trial counsel failed to challenge the validity of his uncounseled prior convictions, which the state used to enhance the domestic-violence charge.

{¶12} To demonstrate ineffective assistance of counsel, Waheed "must show that his counsel's representation fell below an objective standard of reasonableness" and that he was "prejudiced by his counsel's deficient performance." *Strickland v. Washington*, 466 U.S. 668, 686-87, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 143, 538 N.E.2d 373 (1989).

{¶13} The Ohio Supreme Court has held that a defendant has a limited right to attack a prior conviction when the state proposes to use that conviction as an element of a subsequent criminal offense. *See State v. Brooke*, 113 Ohio St.3d 119, 2007-Ohio-1533, 863 N.E.2d 1024, ¶ 10. "A conviction obtained against a defendant who is without counsel, or its corollary, an uncounseled conviction obtained without a valid waiver of the right to counsel," is constitutionally defective under the Sixth Amendment. *Id.* at ¶ 9, citing *State v. Brandon*, 45 Ohio St.3d 85, 86, 543 N.E.2d

501 (1989), and *Nichols v. United States*, 511 U.S. 738, 114 S.Ct. 1921, 1281 L.Ed.2d 745 (1994). The defendant, however, bears the burden of proving a constitutional defect in a prior conviction by a preponderance of the evidence. *See* R.C. 2945.75(B)(3). If the defendant cannot discharge the burden, then the court must presume the constitutional regularity of the prior proceeding. *State v. Thompson*, 121 Ohio St.3d 250, 2009-Ohio-314, 903 N.E.2d 618, ¶ 6.

{¶14} In *State v. Adams*, 37 Ohio St.3d 295, 525 N.E.2d 1361 (1988), paragraph one of the syllabus, the Ohio Supreme Court held that a stipulation of the fact of a prior conviction constitutes a stipulation as to the conviction's constitutionality unless the defendant raises the constitutionality challenge at the trial where the conviction is used to enhance a penalty. *Compare State v. Williams*, 197 Ohio App.3d 505, 2011-Ohio-6267, 968 N.E.2d 27, ¶ 9 (1st Dist.) (where the defendant stipulated to the existence of two prior convictions but challenged their constitutionality during the bench trial).

{¶15} The record in this case reflects that there was some discussion about Waheed's prior convictions during a pretrial hearing. Waheed's trial counsel stated during the hearing that "the only potential issue at this point would be what level of offense Waheed had committed." Waheed's trial counsel told the court that "the state will need to prove priors to make it a misdemeanor of the first degree." Counsel further stated that "he had seen the paperwork," but he had "some independent verifications as to an issue of waiver of counsel." Waheed's trial counsel then stipulated to his prior convictions at the start of the bench trial. Because Waheed's trial counsel did not challenge the validity of the prior convictions during the bench trial, his stipulation constitutes a stipulation as to the constitutionality of the prior convictions.

8

{¶16} Waheed now argues on appeal that his trial counsel was ineffective for failing to attack the constitutionality of the prior convictions. Waheed asserts that the record demonstrates his prior convictions were uncounseled because the journal entries submitted by the state contain the handwritten name "Deardorff" as defense counsel, the judge wrote "W.C." on the journal entries, which allegedly means "without counsel," and a signed waiver-of-counsel form was journalized, which failed to inform Waheed of the nature of the charges, the penalty, possible defenses, and any other necessary facts to ensure "a broad understanding of the whole matter." Waheed contends the written waiver was insufficient to show a knowing, voluntary, and intelligent waiver of counsel.

{¶17} Waheed cannot show that counsel's performance was deficient. Typically, a trial counsel's decision not to object to evidence is one of trial strategy, for which trial counsel will not be second-guessed. *See State v. Conway,* 109 Ohio St.3d 412, 2006-Ohio-2815, 848 N.E.2d 810, ¶ 103; *State v. Adams*, 103 Ohio St.3d 508, 2004-Ohio-5845, 817 N.E.2d 29, ¶ 31. There is nothing in the record to show that counsel's failure to object was not a matter of trial strategy, particularly in light of counsel's statements at the pretrial hearing that he needed to check into the waiver-of-counsel issue with respect to Waheed's prior convictions and his subsequent decision not to challenge the constitutionality of Waheed's prior convictions at the bench trial.

{¶18} Waheed, furthermore, cannot show on the state of this record that the outcome of the proceedings would have been different had his counsel chosen to challenge the constitutionality of the prior convictions. The judgment entries do not indicate whether counsel was appointed or retained, and Waheed speculates that "W.C." refers to waiver of counsel. Waheed's signed waiver of counsel, moreover,

was never made a part of the record before the trial court. As a reviewing court, we cannot add matter to the record that was not a part of the trial court proceedings, and decide the matter on the basis of the new material. *See State v. Hamilton*, 1st Dist. Hamilton No. C-140290, 2015-Ohio-334, ¶ 15. Thus, Waheed cannot demonstrate that he did not validly waive the right to counsel.

{¶19} Because Waheed has not demonstrated that trial counsel's decision not to object to the constitutionality of his prior convictions was not a matter of trial strategy, and he cannot demonstrate that the outcome of the trial would have been different had trial counsel made such a challenge, we overrule his second assignment of error and affirm the judgment of the trial court.

Judgment affirmed.

**HENDON** and **CUNNINGHAM, JJ.,** concur.

Please note:

The court has recorded its own entry this date.