[Cite as *State v. Walker*, 2022-Ohio-1238.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                                      No. 110741

    v.                           :

GRANVILLE WALKER, II,                    :

    Defendant-Appellant.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** April 14, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-20-652648-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Eric Collins, Assistant Prosecuting Attorney, *for appellee.*

Law Office of Timothy Farrell Sweeney and Timothy F. Sweeney, *for appellant.*

KATHLEEN ANN KEOUGH, P.J.:

{¶ 1} Defendant-appellant, Granville Walker, II, appeals his convictions following a jury trial. For the reasons that follow, we reverse and remand for a new trial.

## I. Procedural Background

{¶ 2} In August 2020, Walker was arrested following an altercation with his wife in a grocery store parking lot. He was named in a single-count indictment charging him with domestic violence, in violation of R.C. 2919.25(A), with a furthermore clause that he had two or more prior convictions for domestic violence. The furthermore clause enhanced the offense to a third-degree felony. *See* R.C. 2919.25(D)(4). Walker pleaded not guilty and requested a jury trial.

{¶ 3} Prior to trial, Walker filed a motion in limine requesting the court to preclude the state from offering at trial any evidence, argument, and testimony of his prior convictions, or in the alternative, to limit any evidence of his prior convictions to only two prior offenses. The basis for his request was that he would agree to stipulate to the number of prior domestic violence convictions that the state would be required to prove to elevate the offense to a felony of the third degree. According to Walker, any additional information submitted to the jury about his prior convictions beyond the nature of the offense would be unfairly prejudicial. The state did not oppose the motion, and the trial court did not rule on the motion prior to trial.

## II. Trial

{¶ 4} The evidence at trial established that on August 23, 2020, the police responded to emergency calls regarding an altercation between a male and a female in a vehicle parked at Dave's Market on Lakeshore Boulevard.

{¶ 5} Cleveland patrolman Christopher Doctor testified that he and his partner arrived on scene and learned from eyewitnesses that a male, identified as Walker, was punching a female, identified as Walker's wife, Walneshia Jackson Walker ("Jackson"). Doctor testified that he called EMS because he observed an injury to Jackson's face and blood on her dress. He admitted that he was unsure whether the injury to her face was a result of the altercation and that Jackson was uncooperative in his assessment of her medical needs and investigation of the situation. Doctor stated he spoke with Walker, who said that Jackson was the primary aggressor and that he was defending himself. Doctor admitted during trial that Walker sustained injury to his face and was taken to the hospital. After speaking with the parties and eyewitnesses, he determined that Walker was the primary aggressor and placed him under arrest.

{¶ 6} Videos captured from Doctor's body camera were played for the jury; however, the parties agreed that no audio would be played. From the videos, the jury was able to view some blood on Jackson's dress, her overall demeanor during her interactions with police and EMS, and whether there was any injury to her face. The videos also captured images of the inside of the vehicle, including hair braids that were alleged to have been pulled out of the victim's head during the altercation.

{¶ 7} Two eyewitnesses testified that they observed the altercation between Walker and Jackson. According to Emony Williams, she noticed a man and a woman arguing in the car when she parked directly in front of their car at Dave's Supermarket. Although she could not hear what was being said between the two,

she observed their expressions and movements, which she described as "yelling back and forth." (Tr. 147.) Williams stated that she went inside the store, but went back outside when another person alerted others inside the store about an altercation in the parking lot. She testified that she observed Walker "hit [Jackson] like three or four times." (Tr. 148.) Williams stated that after Walker exited the vehicle, she approached Jackson and asked her if she was okay. According to Williams, Jackson repeatedly told her that she was "fine." (Tr. 149.) Williams testified that she noticed that Jackson's lip was cut, her eyes and face were red and swollen, and there was blood on her dress. She admitted that she did not know what occurred between Walker and Jackson while she was in the store.

{¶ 8} Andre Wood also testified that on August 23, 2020, he observed a man, whom he could not identify in court as Walker, assaulting a female inside of a car parked at Dave's Supermarket. He stated that he first noticed the vehicle when parking his car because a woman was seated in the passenger seat with her feet outside of the window. Wood testified that he went inside the store, but when he exited the store "all hell broke loose in the parking lot * * * I seen a gentleman, he was whaling on her." (Tr. 163, 165.) He stated that he did not intervene due to his uncertainty about the situation. Wood testified that he did not observe any injury to the woman, which surprised him because he saw the man punching her. He admitted that he did not know what occurred between the man and woman while he was in the store.

{¶ 9} Jackson testified that she and Walker have been married since 2019. She stated that on August 23, 2020, she was drinking at a friend's house, mourning the loss of her best friend. Jackson admitted that she was intoxicated and called Walker to pick her up. Walker drove her to Dave's Supermarket to get something to eat. She stated that when they arrived, she acted belligerently, trying to kick out the passenger window and take the keys from Walker. According to Jackson, Walker was not assaulting her, but only trying to calm her down and prevent her from getting the keys and driving. She claimed that she was the primary aggressor by scratching and clawing at Walker. Jackson stated that she was not injured, did not need medical attention, and likely caused any observable injury to herself. She testified that the altercation was her fault and that Walker did nothing wrong.

{¶ 10} Detective Michael Benz testified that Jackson did not want the state to prosecute Walker. He explained that in cases like this, the state will nevertheless move forward without the victim's cooperation, especially when there are injuries and the perpetrator has "a prior DV." (Tr. 223-224.) Detective Benz admitted that Jackson did not sustain serious injuries or seek medical attention, but agreed that even if no injury occurred, it is still assault. (Tr. 229-230.)

{¶ 11} The jury found Walker guilty of domestic violence and further found that he had two or more prior domestic violence convictions, thus a felony of the third degree. The court sentenced him to serve the minimum sentence of nine months in prison.

{¶ 12} Walker now appeals, raising four assignments of error.

### III. Introduction of Prior Convictions

{¶ 13}    Walker contends in his first assignment of error that the trial court erred in allowing the state to present irrelevant and unfairly prejudicial evidence about his prior convictions other than the stipulated facts that the convictions occurred and when they occurred. Walker frames the issue as follows:

> Where the defendant stipulates to two or more previous domestic violence convictions in a felony domestic violence prosecution under R.C. 2919.25(A) and (D)(4), the trial court commits prejudicial error, violates the rules of evidence, and denies the defendant [his] rights to due process and a fair trial when the court allows the state to present irrelevant and unfairly prejudicial evidence about his prior convictions other than the stipulated facts that such qualifying convictions occurred and when they occurred.

{¶ 14}    Succinctly, Walker contends that when a defendant stipulates that he has prior convictions for domestic violence and that they occurred within the relevant timeframe for the degree of the offense to be enhanced, then any other information presented to the trier of fact is irrelevant and unfairly prejudicial. Specifically, Walker contends that information gleaned from the prior judgment entries of conviction — such as the factual allegations underlying such prior offenses, the penalties imposed, and other crimes listed on the entries — deprived him of a fair trial. Although not mentioned by Walker, we note the prior judgment entries of conviction also contained the name of the victim in those offenses.

{¶ 15}    We initially note that no stipulation of Walker's prior convictions exists in the record. The prosecutor asserted at oral argument that there may have been a stipulation off the record, or the state assumed that Walker's motion in limine constituted a stipulation. If this is true, it is incumbent that the prosecutor present

such stipulation on the record, especially when the prior conviction(s) elevate the degree of the offense. This court can only review the assignment of error based on the record provided, and the parties did not seek to submit an App.R. 9(C) statement.

{¶ 16} Walker was charged with domestic violence in violation of R.C. 2919.25(A). While this offense is usually a first-degree misdemeanor, the crime is elevated to a third-degree felony if the defendant has been convicted of two or more offenses of domestic violence. R.C. 2919.25(D)(4). Because prior convictions for domestic violence raise the degree of a subsequent offense, the prior convictions are an essential element of the subsequent offense and must be proven by the state beyond a reasonable doubt. *State v. Tate*, 138 Ohio St.3d 139, 2014-Ohio-44, 4 N.E.3d 1016, ¶ 17. The state can prove the prior convictions by either following the requirements of R.C. 2945.75 or by receiving a stipulation from the defendant. *See generally State v. Gwen*, 134 Ohio St.3d 284, 2012-Ohio-5046, 982 N.E.2d 626.

{¶ 17} R.C. 2945.75(B) provides that "whenever in any case it is necessary to prove a prior conviction, a certified copy of the entry of judgment in such prior conviction together with evidence sufficient to identify the defendant named in the entry as the offender in the case at bar, is sufficient to prove such prior conviction." Thus, to prove a prior conviction under R.C. 2945.75(B), the state must present both a certified copy of the prior judgment and evidence that the defendant named in the prior judgment is the defendant in the case at bar. *Gwen* at ¶ 13, citing R.C. 2945.75; *State v. Macalla*, 8th Dist. Cuyahoga No. 88825, 2008-Ohio-569, ¶ 44.

{¶ 18}       For the state to comply with the first requirement of R.C. 2945.75(B), the law requires that the judgment entries of conviction must be certified and comply with Crim.R. 32. *Gwen* at paragraph two of the syllabus.

> [W]hen, pursuant to R.C. 2945.75(B)(1), the state chooses to offer judgment entries to prove the element of prior domestic-violence convictions in order to increase the offense level of a later domestic-violence charge under R.C. 2919.25(D)(4), the judgments must comply with Crim.R. 32(C). In that event, the judgment entry must set forth (1) the fact of a conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk.

*Gwen* at ¶ 23, citing to *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph one of the syllabus, explaining Crim.R. 32(C), and modifying *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163. Accordingly, certain information that may actually have a prejudicial effect could be included in the journal entries and submitted to the trier of fact.

{¶ 19}       In that instance, the Second District has noted that its trial courts have redacted irrelevant information from the prior judgment entries of conviction to prevent any irrelevant or prejudicial information from being submitted to the jury. *See State v. Sinkfield*, 2d Dist. Montgomery No. CA 16277, 1998 Ohio App. LEXIS 4644, 30-31 (Oct. 2, 1998); *see also State v. Reid*, 2d Dist. Montgomery No. CA 23409, 2010-Ohio-1686, ¶ 10.

{¶ 20}       The second requirement of R.C. 2945.75(B) is that the state must present evidence that the defendant named in the prior judgment is the defendant in the case at bar. In *Macalla*, this court, quoting *State v. Simpson*, 20 Ohio App.2d

336, 336, 254 N.E.2d 23 (3d Dist.1969), explained that simple identity of names is insufficient:

> "'Having previously been convicted' is now a necessary element of the new offense and must be proved beyond a reasonable doubt by the state. This includes the question of identity. It would not be sufficient for the state to prove that 'John Smith' was previously convicted in Cuyahoga County. It must now prove that the 'John Smith' previously convicted in Cuyahoga County was one and the same person as the 'John Smith' now on trial."

*Macalla*, 8th Dist. Cuyahoga No. 88825, 2008-Ohio-569, at ¶ 46, quoting *Simpson* at 336.

{¶ 21} To satisfy the identity requirement of R.C. 2945.75(B), the state typically uses witness testimony to prove that the defendant is the person identified in the judgment entry. *See, e.g., Macalla* (police officer testified that defendant's social security number, name, and date of birth matched the LEADS report identifying the prior OVI convictions; witness for the clerk of courts testified to the same regarding other priors; but names alone are insufficient).

{¶ 22} However, R.C. 2945.75(B) is not the only means to available to the state to prove a prior conviction. *Gwen* at paragraph one of the syllabus. For example, an offender may, and often does, stipulate to a prior conviction to avoid the evidence being presented before a jury. *Id.* at ¶ 14. "'A stipulation of fact renders proof of the specific fact unnecessary.'" *State v. Harmon*, 12th Dist. Warren No. CA2019-01-007, 2019-Ohio-5036, quoting *State v. Schleiger*, 12th Dist. Preble No. CA2009-09-026, 2018-Ohio-2359, ¶ 19. A defendant can stipulate to either or both

components of R.C. 2945.75(B) — the authenticity of the judgment entries of conviction or the identification of the defendant.

{¶ 23} In *Harmon*, the court held that a stipulation regarding authenticity and identification of prior convictions during a pretrial rendered it unnecessary for the state to provide any evidence relating to those convictions at trial. However, where a defendant stipulates only to the authenticity of the documents evidencing his prior convictions, and not that his prior convictions fulfill one of the elements of the crime charged, the state is required to prove the specific offense. *State v. Cook*, 12th Dist. Warren No. CA2020-08-053, 2021-Ohio-2157, ¶ 36, 39, citing *Tate*, 138 Ohio St.3d 139, 2014-Ohio-44, 4 N.E.3d 1016, at ¶ 17 (totality of the circumstances reveal that the stipulation covered both authenticity and identity).

{¶ 24} As previously stated, Walker did not enter any stipulation to his prior convictions — neither to authenticity nor identification. We note that Walker filed a pretrial motion in limine contending that he *would* stipulate to his prior convictions *if* the court precluded the state from offering any evidence, argument, or testimony of his prior convictions. In the alternative, Walker requested the court to limit the number of prior convictions submitted to the jury. The trial court did not rule on the motion prior to trial; thus, the conditional stipulation offered was not accepted. Nevertheless, Walker contends that the trial court's "denial" constituted a refusal to accept the stipulation, thereby permitting the state to introduce irrelevant and prejudicial evidence by way of the prior conviction judgment entries.

{¶ 25} In support of his arguments, Walker directs this court to *State v. Creech*, 150 Ohio St.3d 540, 2016-Ohio-8840, 84 N.E.3d 981, wherein the Ohio Supreme Court found that the trial court abused its discretion when it did not allow the defendant to stipulate to his prior convictions and admitted evidence of the defendant's full record of prior offenses. *Id.* at ¶ 40. In *Creech*, the state needed to prove that the defendant had a prior conviction for a felony offense of violence or a felony drug offense. *Id.* at ¶ 34. The court found that the state's evidence of the "name and nature" of the defendant's prior offenses unfairly prejudiced him, whereas a stipulation that the defendant had a prior conviction within the broad categories of a felony offense of violence or a felony drug offense would have been sufficient. *Id.* at ¶ 36-38.

{¶ 26} In *State v. S.D.K.*, 8th Dist. Cuyahoga No. 109195, 2021-Ohio-63, this court recently explained that reliance on *Creech* is misplaced when the state needs to specifically prove as an element of the offense that a defendant was previously convicted of a specific offense. *Id.* at ¶ 36. In *S.D.K.*, the state was required to prove that the defendant was previously convicted of violating a protection order. Although the parties stipulated to the defendant's prior conviction, the trial court also permitted the admission of the prior judgment entry of conviction. This court found no error or violation of *Creech* because the state did not elicit any testimony from witnesses about the facts underlying the prior conviction, and the defendant's prior conviction was not a "mystery" because the jurors were notified of the stipulated prior conviction during opening statements. Additionally, this court

noted that the trial court provided a limiting instruction to the jury that it could not consider the prior conviction as character evidence.

{¶ 27} In this case, the state needed to prove that Walker was convicted of domestic violence on two prior occasions. During voir dire, defense counsel told the jury that Walker had prior domestic violence convictions — the name and nature of the offenses were therefore not a mystery to the jury. Additionally, the state did not present any facts regarding the prior convictions to the jury. Finally, the trial court instructed the jury that Walker's prior convictions could not be used as character evidence. Thus, much like in *S.D.K.*, there was no *Creech* violation.

{¶ 28} Walker's assertion that the trial court "refused" the stipulation is unsupported by the record. The record is silent regarding any pretrial discussion regarding Walker's motion in limine or whether a stipulation would be offered and accepted between the parties. By the time the issue regarding the prior journal entries arose, the state had already presented its case and no testimony had been received about Walker's prior convictions except a general statement that Walker had "a prior DV." Accordingly, Walker was successful in preventing any prejudicial testimony about the underlying nature of his prior convictions from being presented to the jury. Finally, after the close of the state's case, Walker did not object to the content of the journal entries or seek any redaction; he objected only to the number of judgment entries that should be submitted to the jury. *See* tr. 233-234 ("[a]s indicated in the motion in limine, we would object to more than two prior convictions being submitted to the jury"). The bottom line is that Walker failed to

preserve this issue for us to review on appeal, and we find no error based on the assigned error.

{¶ 29}       Having found no merit to the argument raised on appeal, we nevertheless find it necessary to address the problem with the state's presentation of Walker's prior convictions. Because Walker did not enter a stipulation, the state was required to introduce evidence into the record by way of certified copies of the journal entries and evidence sufficient to identify the defendant named in the entry as the offender in the case at bar. R.C. 2945.75(B)(1). Our review of the record reveals that the state did neither.

## A. Certified Copies of the Journal Entries

{¶ 30}       At the close of the state's case, the prosecutor offered three journal entries purportedly proving that Walker had three prior domestic violence convictions. Only one of the journal entries contain any certification from the clerk of courts — the other two journal entries appear to be faxed copies. Despite not complying with the requirements of R.C. 2945.75, the state moved to admit the journal entries into evidence. Walker did not object to the admission of the exhibits, but objected only to the number of prior convictions that the jury should receive. The state responded that proving the presence of "two or more" prior convictions was an element of the offense, and if the jury discounted one of the prior convictions, then the others remained for consideration. The trial court overruled the objection and admitted the prior convictions into evidence.

{¶ 31} It was error for the trial court to allow the admission of the uncertified copies of journal entries into evidence because Walker did not stipulate to the authenticity of the judgment entries regarding the two prior convictions. The trial court as the gatekeeper of evidence has the duty to ensure that the basic requirements of the rules are satisfied. Here, two of the journal entries did not comply with R.C. 2945.75(B)'s threshold requirement that the judgment entries of conviction must be certified copies. Accordingly, absent any stipulation from Walker regarding authenticity, it was error to admit these uncertified copies.

{¶ 32} The prosecutor asserted at oral argument that there may have been a stipulation off the record, or the state assumed that Walker's motion in limine constituted a stipulation. If this is true, it is incumbent on the prosecutor to present such stipulation on the record, especially when the prior conviction(s) elevate the degree of the offense. Additionally, the trial court as gatekeeper of the evidence must be cognizant of the evidence the state is attempting to admit into evidence. If the state fails to comport with the basic requirements under the law, the trial court is obligated to exclude such evidence, even if no objection is raised.

{¶ 33} Nevertheless, Walker did not object that the prior judgment entries of conviction did not comply with R.C. 2945.75(B). Additionally, Walker has not raised this issue on appeal; thus, we cannot review this issue even under a plain-error analysis.

## B. Identity of Defendant

{¶ 34} Moreover, we find that the state also failed to comply with R.C. 2945.75(B) because it did not offer any evidence whatsoever connecting Walker to the defendant named in the prior conviction journal entries. Detective Benz generally testified about suspects with prior convictions and specifically as to Walker that he had "a prior DV." The state did not present Detective Benz with the judgment entries or elicit responses from the detective about Walker's prior convictions.

{¶ 35} Walker did not raise any objection during trial regarding the state's failure to properly authenticate the prior judgment entries of conviction, and Walker has not raised on appeal that the trial court erred in admitting the prior judgment entries as exhibits due to the state's failure to properly authenticate the prior entries of conviction. Again, Walker has challenged only the state's introduction of the exhibits as being overly prejudicial due to an alleged stipulation.

{¶ 36} If the parties had entered into a stipulation during off-the-record proceedings, it was the state's obligation to set forth such stipulation on the record because it is the state's burden to prove the elements of the offense at trial. Additionally, the trial court is obligated to only submit evidence to the jury that has been properly stipulated to or admitted into evidence. Finally, it is defense counsel's obligation to preserve the record by making appropriate objections to ensure that his client receives a fair trial.

{¶ 37} The assignment of error based on the issues raised is overruled.

## IV. Prosecutorial Misconduct

{¶ 38} In his second assignment of error, Walker contends that he was denied a fair trial and due process when the prosecutor engaged in misconduct during closing argument by vouching for the state's witnesses and inciting the passion and prejudice of the jury by pleading to the jury to end Walker's "cycle of abuse." Because Walker did not object to the prosecutor's statements, we review for plain error. "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the trial court." Crim.R. 52(B).

{¶ 39} Comments made during opening and closing statements are not evidence for the jury to consider. *State v. Frazier*, 73 Ohio St.3d 323, 328, 652 N.E.2d 1000 (1995.) Additionally, "[p]rosecutors are granted wide latitude in closing argument, and the effect of any conduct of the prosecutor during closing argument must be considered in light of the entire case to determine whether the accused was denied a fair trial." *State v. Powell*, 132 Ohio St.3d 233, 2012-Ohio-2577, 971 N.E.2d 865, ¶ 149. "The test for prosecutorial misconduct is whether the conduct complained of deprived the defendant of a fair trial." *State v. Jackson*, 92 Ohio St.3d 436, 441, 751 N.E.2d 946 (2001), citing *State v. Apanovitch*, 33 Ohio St.3d 19, 24, 514 N.E.2d 394 (1987). Therefore, "[t]he touchstone of the analysis 'is the fairness of the trial, not the culpability of the prosecutor.'" *Powell* at ¶ 149, quoting *Smith v. Phillips*, 455 U.S. 209, 219, 102 S.Ct. 940, 71 L.Ed.2d 78 (1982).

{¶ 40} Walker first contends that during closing argument the prosecutor improperly vouched for the credibility of the two eyewitnesses by expressing his

personal opinion about their credibility by stating that disinterested and bystander witnesses, who "have no bias," testified "truthfully." (Tr. 263-265.)

{¶ 41} "It is improper for a prosecutor to vouch for the credibility of a witness at trial. Vouching occurs when the prosecutor implies knowledge of facts outside the record or places his or her personal credibility in issue." *State v. Myers*, 154 Ohio St.3d 405, 2018-Ohio-1903, 114 N.E.3d 1138, ¶ 145. Therefore, "[a]n attorney may not express a personal belief or opinion as to the credibility of a witness." *Id*. However, a prosecutor may comment on the credibility of witnesses based on their in-court testimony. *State v. Price*, 60 Ohio St.2d 136, 140, 398 N.E.2d 772 (1979). But isolated comments by a prosecutor are not to be taken out of context and given their most damaging meaning. *State v. Carter*, 89 Ohio St.3d 593, 734 N.E.2d 345 (2000), citing *Donnelly v. DeChristoforo*, 416 U.S. 637, 647, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974).

{¶ 42} After reviewing the entire transcript, we find that the prosecutor did not improperly vouch for the credibility of the witnesses because the comments were based on the eyewitnesses' in-court testimony. Both Williams and Wood testified that they did not know either Walker or Jackson. Additionally, each testified about what they witnessed, including agreeing with defense counsel that they did know what caused the altercation and that they did not witness what occurred while both witnesses were inside the grocery store. The jury was able to independently judge the credibility of the witnesses, and this court cannot say that these statements denied Walker a fair trial.

**{¶ 43}** Additionally, Walker contends that during closing argument, the prosecutor urged the jury to convict him in part because of the need to end his characteristic "cycle of abuse" or "cycle of domestic violence" alleged to be evident from his prior convictions. Walker contends these comments deprived him of a fair trial and warrant a reversal of his conviction. We agree and find plain error.

**{¶ 44}** It is improper for a prosecuting attorney to make arguments or remarks likely to inflame the passions of the jurors, if intended to lead them to convict for an improper reason. *Berger v. United States*, 295 U.S. 78, 88, 55 S.Ct. 629, 79 L.Ed. 1314 (1935). "For a prosecutor's closing argument to be prejudicial, the remarks must be 'so inflammatory as to render the jury's decision a product solely of passion and prejudice.'" *State v. Arrone*, 2d Dist. Greene No. 2005 CA 89, 2006-Ohio-4144, ¶ 126. "However, there comes a time where prosecutorial misconduct during closing argument impairs a defendant's right to a fair trial. Such a point is reached where * * * a prosecutor appeals to the passions of the jury in an attempt to obtain a favorable verdict." *State v. Thompson*, 33 Ohio St.3d 1, 514 N.E.2d 407 (1987) (use of gruesome pictures in guilt phase harmless error, but use of the same pictures during the penalty phase was impermissible and the state's comments on those pictures during closing argument during the penalty phase deprived defendant of a fair trial).

**{¶ 45}** During closing argument, the prosecutor commented, in relevant part, on Walker's prior convictions and the need to end the "cycle of violence":

Why this case is here today is, you'll see, you'll get the conviction, and you have to find that those prior convictions of the furthermore clause is an element. The State has to prove it. That will be agreed that, those are stipulated those are factual and truthful, but the jury still has to agree that those are factual and truthful.

And you will see that those – those journal entries you'll see from those cases, they're factual and truthful as all parties agreed, and that is why this case is here today.

As the detective testified that he looks at prior convictions to see if it goes to muni[cipal] court or if it goes to the prosecutor's office, the county prosecutor's office. And it went to the Cuyahoga County prosecutor's office in May and that's why we're here.

We're here because of the cycle of domestic violence will continue, will continue unless there is a conviction for a victim who shows up and testifies that nothing happened. And the jury, why should they care about a case when the victim doesn't even care about the case?

Here's why, because this cycle will continue. Mr. Walker will learn that, hey, here's how I can beat a case. I can be in a public place with multiple eyewitnesses and a jury can come back to not guilty because the victim testifies it didn't happen. That he can learn and basically know that, hey, it doesn't matter what I do, whether in a car, at home, in public, it does not matter. And he will continue to hit and beat her.

* * *

This case is significant, ladies and gentlemen of the jury. This case is about domestic violence. This case is about domestic violence, and that cycle of abuse will continue unless you, ladies and gentlemen of the jury, come back with a guilty verdict because the State has proven it beyond a reasonable doubt.

(Tr. 275-277.)[1]

---

[1] The prosecutor clearly misadvised the jury that a stipulation or agreement about the prior convictions existed. However, Walker raised no objection.

{¶ 46} The trial court instructed the jury on multiple occasions during the trial court proceedings that Walker's prior convictions could not be used to prove Walker's character. During voir dire, the trial court gave a preliminary instruction following a prospective juror's response that prior convictions could demonstrate a pattern:

> But you'll also be instructed, ladies and gentlemen, that the evidence is received because it pertains to elements of the charge, but it is not received, and if it comes in, you may not consider it to prove that the character — to prove the character of the defendant in order to show that he acted in conformity or accordance with his character. In other words, you can't use it, to use juror six's words, to prove the pattern repeated.

(Tr. 112.)

{¶ 47} During the jury charge, the court again gave an instruction on character evidence when discussing Walker's prior convictions:

> Now, you have received evidence — although I'm not sure you've seen it yet, but it's in the form of the exhibits — that Mr. Walker was previously convicted of two or more offenses of domestic violence. As I think we mentioned earlier in the day, that evidence was received because prior convictions are elements of the offense charged. It was not received, and you may not consider it to prove the character of the defendant in order to show that on August 23rd he acted in conformity with that character.

(Tr. 259.)[2]

---

[2] We note that the trial court should have recognized at that point that the evidence was not properly introduced to the jury. Additionally, the trial court's instruction appears to affirm that Walker was in fact convicted of two or more prior offenses. We question whether this statement had any effect on the jury's deliberation of this element of the offense.

{¶ 48} Despite the instructions given by the trial court that the prior convictions could not be considered as character evidence, we find that the state's closing arguments implored the jury to do exactly that. The state's comments amounted to pleas to the passion and prejudice of the jury that were inappropriate and unnecessary because they tended to lead the jury to convict Walker for an improper reason — not just to end the cycle of violence allegedly perpetuated by Walker, but by society in general. The comments by the prosecutor tasked the jury with setting an example at the expense of Walker for cases involving the offense of domestic violence, defendants with prior convictions, and uncooperative victims.

{¶ 49} We are mindful that the prosecutor's comments are not to be viewed in isolation. However, we find that in context of the entire trial, the prosecutor's comments created prejudicial error. The state submitted to the jury Walker's unredacted prior judgment entries of conviction that notified the jury of all of the offenses Walker was charged with and had pleaded guilty to, his sentence, and the victim's name associated with each prior offense. This information likely was used for an improper purpose by the jury because (1) it revealed that Walker only served probation for those offenses; and (2) it revealed that all three of Walker's prior convictions involved the same victim. The revelation that his prior convictions involved the same victim, coupled with the state's comments during closing about ending Walker's "cycle of abuse" or "cycle of domestic violence," deprived Walker of a fair trial because it pulled at the very fabric that the court's jury instruction attempted to protect — not using Walker's prior convictions as character evidence.

Moreover, the information gleaned from the prior judgment entries revealed that Walker only served periods of probation for those prior offenses. Knowing that the present offense was elevated by the prior convictions — an offense that was not pursued in the municipal court as explained by the prosecutor — the jury could end Walker's "cycle of abuse" by finding him guilty and sending him the message that the prosecutor encouraged.

{¶ 50}      Accordingly, we find that the prosecutor's comments deprived Walker of a fair trial. The second assignment of error is sustained.

## V.   Effective Assistance of Counsel

{¶ 51}      Walker contends in his third assignment of error that he was deprived of effective assistance of counsel when his trial counsel failed to object to the prosecutor's improper comments during closing argument.

{¶ 52}      To establish ineffective assistance of counsel, a defendant must demonstrate that counsel's performance fell below an objective standard of reasonable representation and that he was prejudiced by that deficit performance. *State v. Drummond*, 111 Ohio St.3d 14, 2006-Ohio-5084, 854 N.E.2d 1038, ¶ 205, citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, (1984). Prejudice is established when the defendant demonstrates "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland* at 694. The failure to prove either prong of the *Strickland* two-part test makes it unnecessary for a court

to consider the other prong. *State v. Madrigal*, 87 Ohio St.3d 378, 388-389, 721 N.E.2d 52 (2000), citing *Strickland* at 697.

{¶ 53} Having found that the prosecutor's comments were inappropriate, counsel's performance for failing to object to the comments was deficient and prejudicial. And although not argued, we find that defense counsel's failure to appropriately object to the admission of Walker's prior convictions further warrants a finding of ineffective assistance of counsel. The assignment of error is sustained.

{¶ 54} Sustaining Walker's second and third assignments of error and ordering a new trial renders his fourth assignment of error challenging the weight of the evidence moot. *See* App.R. 12(A)(1)(c).

{¶ 55} Judgment reversed and remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for a new trial.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, PRESIDING JUDGE

MICHELLE J. SHEEHAN, J., CONCURS;
JAMES A. BROGAN, J.,* CONCURS (WITH SEPARATE CONCURRING OPINION)

*(Sitting by assignment:  James A. Brogan, J., retired, of the Second District Court of Appeals.)

JAMES A. BROGAN, J., CONCURRING:

{¶ 56}     I concur in the well-reasoned opinion by Judge Keough.  As the judge noted, the Ohio Supreme Court found in *State v. Creech,* 150 Ohio St.3d 540, 2016-Ohio-8840, 84 N.E.3d 981, that a trial court abused its discretion when it did not permit a defendant to stipulate to his prior convictions but instead permitted the prosecutor to submit evidence to the jury of the defendant's full record of the prior offenses.  Justice Pfeiffer noted that prejudice is particularly acute where the prior conviction or convictions are similar to the charge in the pending case.

{¶ 57}     Montgomery County follows the procedure espoused for some time in other states like North Carolina and New York.  If the defendant admits the conviction, no mention of it is made to the jury; if the defendant does not admit to the conviction, the state must prove it beyond a reasonable doubt.  Explained New York's high court, the procedure "affords a defendant the option to keep the jury

from hearing about earlier convictions, an option the Legislature obviously believed promoted a fair trial." *People v. Cooper*, 78 N.Y.2d 476, 483, 577 N.Y.S.2d 202, 583 N.E.2d 915 (1991); s*ee also* N.C. Gen. Stat. 20-179(a)(2).

{¶ 58}        A second option to permitting the defendant to enter a partial guilty plea is to permit partial jury waivers.  *See* Nancy J. King, *Juries and Prior Convictions:  Managing the Demise of the Prior Conviction Exception to Apprendi*, 67 SMU L. Rev. 577 (2016).  A partial jury waiver "allow[s] any defendant who contests the government's allegation of prior conviction to insist on proof beyond a reasonable doubt but waive the jury as fact finder for that element alone." *Id*. at 583.

{¶ 59}        In the final analysis, we should all remember that all participants in a criminal trial have a constitutional duty to ensure that the accused is accorded a fair trial.  In this case, the defendant did not receive one.